OPINION OF THE COURT
Peter Tom, J.
This hearing is to assess reasonable attorney’s fees, awarded in favor of respondent.
Petitioner commenced this holdover proceeding against respondent for alleged illegal use of her rent-stabilized apartment for professional purposes.
Respondent moved to dismiss the petition on the ground that the allegations in the petition were not substantiated by any proof or evidence. The court granted the motion on the merits and awarded respondent attorney’s fees to be assessed at a hearing.
Petitioner moved in the Appellate Term to stay the hearing for attorney’s fees pending the appeal of the order dismissing *235 the petition. This motion was denied by the Appellate Term which brought on this hearing.
During this hearing, the parties raised an interesting issue as to whether legal fees incurred by respondent in opposing petitioner’s motion to stay this hearing in the Appellate Term are recoverable under Real Property Law § 234.
Section 234 provides that whenever a residential lease allows the recovery of attorney’s fees by landlord against tenant for breach of a lease obligation, there shall be an implied, reciprocal lease covenant for the recovery of attorney’s fees by tenant against landlord.
Reasonable attorney’s fees are recoverable under section 234 at the ultimate outcome of the proceeding whether or not it was based on the merits of the case. (Elkins v Cinera Realty, 61 AD2d 828.)
The final disposition of this case was the entry of the court order dated January 3, 1985, dismissing the petition on the merits. It appears that petitioner never perfected an appeal of this case. Petitioner’s motion to the Appellate Term was an attempt to stay this hearing and does not constitute an appeal.
The claim for attorney’s fees incurred subsequent to final disposition of this proceeding is not provided for by statute or by contractual agreement between the parties.
The terms of the lease agreement providing for attorney’s fees should be strictly construed and in accordance with sound public policy.
American courts have frowned on recovery of attorney’s fees based on the rationale that the fear of having to compensate a party for attorney’s fees would unjustly deter many individuals, with genuine causes of action, from bringing lawsuits in the courts (Fleischmann Corp. v Maier Brewing, 386 US 714 [1967]).
The New York courts have adopted this policy, and the general rule in this jurisdiction is that attorney’s fees are incidents of litigation and not recoverable unless there is specific statutory authority or a binding contract between the parties providing for such. (Matter of Green v Potter, 51 NY2d 627; Scolaro, Shulman, Cohen & Lawler v Easter, 98 AD2d 953; Star Indus. Serv. Co. v Wooster, 84 AD2d 833; Siegel, NY Prac § 147, at 190.)
The lease agreement in this case provides that tenant shall be liable for attorney’s fees and expenses incurred by owner *236 for tenant’s failure to obey any provisions of the lease. The issue as to whether respondent breached the terms of the lease agreement has been decided in favor of respondent. The lease agreement does not provide for further obligation on either side as to fees or expenses upon final disposition of this issue, and the court will not give such a reading in conjunction with prevailing public policy.
Further, the claim for attorney’s fees is interrelated with the claim for breach of a lease provision and constitutes one single cause of action. (930 Fifth Corp. v King, 42 NY2d 886.) Therefore, a party cannot split the cause of action for attorney’s fees or conversely seek to add to a proceeding, pursuant to Real Property Law § 234, attorney’s fees incurred after final disposition.
The court in granting attorney’s fees in the appellate level would also be intruding into the bounds and jurisdiction of the appellate court.
As to the issue of reasonable attorney’s fees the court shall apply the lodestar method. This is a simple method in which the hours reasonably spent by counsel, as determined by the court, is multiplied by the reasonable hourly rate.
In determining reasonable attorney’s fees the court shall consider the complexity of the case, experience of counsel, the skill exercised in handling the case and the results obtained (Jordan v Freeman, 40 AD2d 656; Newman v Silver, 553 F Supp 485).
The bulk of respondent’s work in this proceeding is the preparation of the motion to dismiss the petition. The motion consists of a 13-page affidavit by respondent setting forth, in detail, the facts contesting petitioner’s allegations; a six-page affirmation and memorandum of law by respondent’s attorney; and 11 exhibits consisting of numerous photographs, documents and correspondence. Respondent’s attorney testified that he spent 10 Vz hours preparing this motion, which the court finds to be reasonable under the circumstances. This case was complex not in law but in factual proof and evidence.
However, the court finds respondent’s claim that seven hours spent in preparing the reply papers to petitioner’s opposition papers excessive. The reply consists of a seven-page affidavit by respondent and one exhibit. The affidavit addresses each point raised by petitioner in the opposition papers. The reply basically sets forth the same position as in respondent’s motion. The court finds that four hours is reasonable in preparing the reply papers.
*237 The record indicates that there were six appearances made by both parties in this proceeding. The court will allow a total of six hours to respondent for these appearances. Most of the appearances were adjourned on consent.
The court will not allow attorney’s fees incurred in the preparation and hearing of this proceeding. Attorney’s fees incurred in proceedings to collect attorney’s fees are not recoverable. (Doyle v Allstate Ins. Co., 1 NY2d 439; Nine Eleven Park v Finkel, NYLJ, Apr. 9, 1984, p 12, col 5 [App Term 1st Dept].)
Further, the nine hours claimed by respondent as time spent in preparation and argument of her opposition to petitioner’s motion in the Appellate Term is also denied based on the foregoing.
The court finds that respondent’s claim of one-half hour spent in preparing the supplemental reply for her motion, four and one-half hours spent in conferences with her attorney and searches made by her attorney at city agencies, to be reasonable.
Respondent’s attorney is an experienced practitioner with sufficient background of landlord-tenant law. His hourly charge of $85 per hour is very reasonable in today’s legal profession.
Respondent’s attorney has spent a total of 25 Yi hours in this case which is recoverable under Real Property Law § 234.
Accordingly, judgment is rendered in favor of respondent against petitioner in the sum of $2,167.50 with interest from January 3,1985 together with costs and disbursements.