**In re FOREIGN CRATING, INC., Debtor.**

**Bankruptcy No. 884–41713–20.**

United States Bankruptcy Court, E.D. New York, Westbury Division.

July 22, 1985.

Seyfarth, Shaw, Fairweather & Geraldson, New York City, for Hyster Credit Corp.

Wasserman, Chinitz, Geffner, Green & Wolf, Jericho, N.Y., for debtor.

**54**

ROBERT JOHN HALL, Bankruptcy Judge.

The matter of debtors' motion to assume an unexpired lease with Hyster Credit Corporation ("Hyster") for a fork-lift truck came to be heard on the 13th day of June, 1985. The attorneys for the parties stated that an out-of-court agreement had been made to allow debtor to assume the lease, but, Hyster's right to attorneys' fees for this matter remained in dispute. Upon consideration of the memoranda submitted, oral argument, and other supporting submissions, the court finds that Hyster is entitled to attorneys' fees in the amount of $1210.00.

FACTS

There are few facts to consider. Debtor entered into a six-year lease with Hyster on March 31, 1983. On November 7, 1984, when debtor was several months in default on rental payments, debtor filed its bankruptcy petition. Hyster received one post-petition rental payment and on March 23, 1985, Hyster filed a motion to compel debtor to assume or reject the lease. The court granted Hyster's motion, and subsequently debtor filed the instant motion to assume the lease. Hyster demands attorneys' fees for the preparation of its motion to compel debtor to assume or reject the lease and for its answer to the instant motion, pursuant to a lease provision that provides for attorneys' fees for "any suit or action as a result of lessee's default...."

DISCUSSION

The issue before the court is whether a debtor-lessee must cover his landlord's fees for the landlord's motion to compel assumption or rejection of an unexpired lease and related litigation. In the circumstances herein, the court holds that such attorneys fees constitute a pecuniary loss resulting from debtors default pursuant to 11 U.S.C. § 365(b)(1)(B), and such fees must be recompensed by the debtor before it may assume its lease.

11 U.S.C. § 365(b)(1) sets forth three conditions debtors must satisfy to assume an unexpired lease. A debtor must:

(A) cure or provide adequate assurance that he will cure defaults;

(B) compensate or provide adequate assurance that he will compensate the other party for any pecuniary loss resulting from such default; and

(C) provide adequate assurance of future performance under the contact or lease.

█ Upon debtor's post petition defaults and its failure to assume or reject the lease within sixty days, there was little Hyster could do to secure its due and owing rental payments. Given debtor's purported willingness to assume the lease, Hyster's best strategy to recover back rent was to institute a legal proceeding to compel assumption of the lease and thereby receive a cure for defaults pursuant to 11 U.S.C. § 365(b)(1)(A). Thus, debtor's defaults resulted in Hyster's pecuniary loss of attorneys fees for initiating a legal proceeding to compel rejection or assumption of the lease. Accordingly, the loss is compensable pursuant to 11 U.S.C. § 365(b)(1)(B). *In re Bullock*, 17 B.R. 438, Bankr.L.Rep. (C.C.H.) ¶ 68,642 (Bkrtcy.App.Cal.1982.)

█ In his sworn affidavit, Hyster's attorney stated that attorney's fees incurred totaled $1210.00. Hyster's attorney submitted unsworn post-hearing supporting documents which indicate that the $1210.00 figure is actually a significant underestimation.

The court believes that $1210.00 is a reasonable fee and directs debtor to pay $1210.00 to Hyster within fifteen days of the date on which the court signs an order embodying this decision, or the lease shall be deemed rejected and Hyster shall be entitled to immediate possession of the fork-lift without further order of this court. The parties shall settle an order in accordance herewith. Said order shall, additionally, incorporate the out-of-court agreement of the parties relating to the assumption of the lease.

SETTLE ORDER.