**In re 2495 BROADWAY SUPERMARKET, INC., Debtor.**

**No. 88B 10749(TLB).**

United States Bankruptcy Court, S.D. New York.

March 2, 1989.

Stanley Cembalest, New York City, for debtor.

Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P.C., New York City by Lewis A. Lindenberg, for Landlord.

### MEMORANDUM DECISION AWARDING ATTORNEYS' FEES TO LANDLORD

TINA L. BROZMAN, Bankruptcy Judge.

On January 9, 1989, I rendered a ruling from the bench permitting 2495 Broadway Supermarket, Inc., the debtor, to assume its lease with Lawrence and Melvin Friedland (the landlord). The landlord did not object to the assumption on the terms which I set, which included an award of attorneys' fees pursuant to the terms of the lease and 11 U.S.C. § 365(b)(1).[1] *See In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 756 (Bankr.S.D.N.Y.1986); *In re Ribs of Greenwich Village, Inc.*, 57 B.R. 319 (Bankr.S.D.N.Y.1986). I directed the landlord to submit to me an application for an allowance and permitted the debtor an opportunity to object to the amount of the fees sought. The landlord filed its application and the debtor, its objection. This memorandum decision explains the basis for the amount awarded.

An express covenant by a tenant to reimburse his landlord for attorneys' fees expended in connection with proceedings to compel compliance by the tenant with the lease or to recover damages from non-compliance has long been judicially recognized in New York as consistent with public policy and enforceable. *See Schechter v. Carter*, 580 F.Supp. 1526 (S.D.N.Y.1984); *Westview*, 59 B.R. at 757; J. Rasch, *Landlord and Tenant Summary Proceedings*, § 358 at 449 (2d ed. 1971). So, too, if the parties expressly include a provision that the attorneys' fees should be paid on demand as additional rent that provision will be enforced if the claim is asserted timely, that is, in the summary proceeding brought for the default. *See Emery Roth & Sons v. National Kinney Corp.* 44 N.Y.2d 912, 913, 407 N.Y.S.2d 640, 641, 379 N.E.2d 168, 169 (1978); 74 N.Y.Jur.2d, *Landlord and Tenant*, §§ 333 and 408 (1988). But the attorneys' fee must be reasonable in amount and, further, not in the nature of a penalty or forfeiture. *Weidman v. Tomaselli*, 81 Misc.2d 328, 365 N.Y.S.2d 681 (Co.

---

1. Paragraph 19 of the lease provides so far as pertinent: [I]f landlord ... in connection with any default by tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money, including but not limited to attorneys' fees, in instituting, prosecuting or defending any action or proceeding, such sums so paid or obligations incurred with interest and costs shall be deemed to be additional rent hereunder and shall be paid by tenant to landlord within five (5) days of rendition of any bill or statement to tenant therefor,....

Ct.), *aff'd*, 84 Misc.2d 782, 386 N.Y.S.2d 276 (Sup.Ct.1975); 74 N.Y.Jur.2d, *Landlord and Tenant*, § 408 (1988).[2] The bankruptcy cases are to like effect—even though attorneys' fees are recoverable by contract, the court must review them for reasonableness. *Andrew v. KMR Corp. (In re Bullock)*, 17 B.R. 438, 439 (9th Cir. BAP 1982); *Westview*, 59 B.R. at 757; *Ribs of Greenwich Village*, 57 B.R. at 321.

In determining reasonable attorneys' fees, the New York courts consider the complexity of the case, experience of counsel, the skill exercised in handling the case, and the results obtained. J. Rasch, *Landlord and Tenant Summary Proceedings*, § 358 (Supp.1987), citing *Zauderer v. Barcellona*, 130 Misc.2d 234, 495 N.Y.S.2d 881 (Civ.Ct., N.Y.Co.1985).

■ The primary objection to the $13,856.25 sought as attorneys' fees is the recovery for the time spent in seeking payment of such fees. The debtor aptly points to *Zauderer*, 130 Misc.2d 234, 495 N.Y.S.2d 881, for the proposition that under New York law, "attorneys' fees incurred in proceedings to collect attorneys' fees are not recoverable." *Accord F. H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1267 (2d Cir.1987). Having established this proposition, the debtor urges that all time spent in collecting a fee, including the preparation of a fee application, is not compensable. I do not agree and believe that the cases compel a different result. In *Ribs of Greenwich Village*, 57 B.R. at 322, my colleague, over the objection of the debtor, awarded the landlord attorneys' fees in connection with the motion to compel their payment. It does not appear that there the landlord had filed a fee application at all; the request for compensation was brought on by motion and was compensated. Nor was the court squarely confronted with the issue presented here, the compensability of time spent over and above the initial request for fees. It is in this distinction that I believe the

appropriate rule lies: the reasonable time spent by the landlord's attorney in preparing an application for fees is compensable; the time spent litigating over the amount of those fees is ordinarily not.[3] The Second Circuit drew this very distinction in *Krear*, 810 F.2d at 1266–67, holding that under New York law, the district court erred when in the face of a general contractual provision for attorneys' fees, that court awarded reimbursement for "time spent in justifying a fee application ..."

Here, the landlord sought during the limbo period before the lease was assumed to collect its attorneys' fees as additional rent pursuant to 11 U.S.C. § 365(d)(3). The matter was never determined because the dispute was rendered moot when the debtor moved to assume the lease, it having been conceded that attorneys' fees, if reasonable, were payable pursuant to the contract and section 365(b). I am allowing the reasonable time spent in laying out for the court the work performed, but that time which constitutes a justification of the application for fees, specifically 10.0 hours relating to reply papers, I am disallowing. I am also allowing the reasonable time spent in preparing the supplemental application for attorneys' fees.

■ Turning to the balance of the services rendered, some of them relate not to the time spent in obtaining a cure of defaults or opposing requests for extension of the time to assume when the debtor was delinquent in the payment of postpetition rent, but to general services which any lawyer would perform for a client who is a creditor. These include a review of the petition, general discussion about the case, and legal research about theories unrelated to the default in the payment of rent which might or might not have had some utility as a strategical matter. Paragraph 19 of the lease only entitles the landlord to compensation for expenses or obligations incurred in instituting, prosecuting and defending actions and proceedings in connec-

---

**2.** The landlord's argument that under New York law reasonableness plays no part here because the lease says nothing of it is simply wrong.

**3.** It is possible, for example, that the debtor might engage in a bad faith objection to fees such that an award of attorneys' fees for time spent seeking the fees is warranted.

tion with the default in the payment of rent. Some 4.8 hours were expended on the other types of endeavors and are not compensable.[4]

The balance of the compensation sought is reasonable and was warranted by the continuing failure of this debtor to make post-petition rental payments in accordance with the terms of the lease. The total time expended was 79.45 hours. From this I have disallowed 14.8 hours, for a total of 64.25 hours of allowable time. At the mixed hourly rate of $174.40, this translates to an award of $11,205.20 in attorneys' fees.

The disbursements are all reasonable and compensable except for $20 spent to obtain a copy of the docket sheet and to file a notice of appearance.

A separate order is being signed simultaneously with issuance of this opinion.

---

**4.** The general discussion and research on bankruptcy use clauses and assumption in general are matters which, in any event, should have been known to counsel experienced in representing landlords in bankruptcy cases

