## In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.

## In re JIM WALTER RESOURCES, INC., Debtor.

**Bankruptcy Nos. 89–9715–8P1 through 89–9746–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 3, 1991.

See also 125 B.R. 837.

Donald Stichter and Michael Crames, Tampa, Fla., for debtor.

Paul O'Hearn, Atlanta, Ga., Mark Kirschner, New York City, and Zala Forizs, St. Petersburg, Fla., for Creditors Committee.

Daniel Golden, New York City, and John Genovese, Miami, Fla., for Bankholders Committee.

Shirley Arcuri, Tampa, Fla. and Eric A. Schaffer, Pittsburgh, Pa., for movant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case and the matter under consideration is the amount of default, if any, Jim Walter Resources, Inc. (the Debtor) is required to cure in order to assume a Transportation Agreement (Agreement) with Warrior & Gulf Navigation Company (Warrior & Gulf) pursuant to § 365(b)(1) of the Bankruptcy Code. Both the Debtor and Warrior & Gulf filed their respective Motions for Summary Judgment urging that there are no genuine issues of material fact, and that each is entitled to judgment as a matter of law in its respective favor.

This Court is satisfied that indeed there are no genuine issues of material fact and the sole issue could be resolved as a matter of law. In order to put the matter into proper focus, a brief discussion of the relevant facts, as they appear from the record, would be helpful.

At the time relevant, the Debtor was, and still is, engaged in the business of mining coal and other natural resources in the State of Alabama. As part of its business, the Debtor entered into the Agreement under consideration with Warrior & Gulf, pursuant to which Warrior & Gulf was to transport the Debtor's coal down the Black Warrior River to Mobile, Alabama. On December 3, 1983, there was unprecedented heavy flooding and an unprecedented surge of water, and some Warrior & Gulf barges sank, which resulted in turn in a loss of the Debtor's coal transported by Warrior & Gulf.

The Debtor demanded payment from Warrior & Gulf for the loss of its cargo and Warrior & Gulf paid $395,442.41 to compensate the Debtor for the loss. However, Warrior & Gulf specifically reserved its right to seek full reimbursement of the amount paid if the loss of coal was determined to be caused by an act of God and not by negligence of Warrior & Gulf.

At the time Warrior & Gulf paid the Debtor for the loss of its coal, Warrior & Gulf and the United States Army Corps of Engineers were already involved in a suit filed by Warrior & Gulf against the Corps of Engineers in the United States District Court for the Southern District of Alabama. The Debtor was not a party to this litigation. The District Court found that the loss of the coal was due to the negligence of the Army Corps of Engineers; however, the Eleventh Circuit Court of Appeals reversed and held that the loss was caused by an act of God. *Warrior & Gulf*

*Navigation Co. v. United States of America,* 864 F.2d 1550 (11th Cir.1989).

On December 27, 1989, the Debtor filed its voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. Soon thereafter, Warrior & Gulf filed a Motion and sought an order to direct the Debtor to assume or reject the Agreement. The Motion was granted, and the Debtor filed a Motion To Assume the Agreement pursuant to § 365 of the Bankruptcy Code. In light of the fact that a dispute arose regarding prepetition defaults, which must be cured before the Debtor can assume the Agreement, the ruling on the Motion To Assume was deferred pending resolution of that issue.

It is agreed by both parties that before assuming the Agreement, the Debtor must cure a prepetition default in the amount of $1,036,068.54 as a matter of law. However, Warrior & Gulf also seeks to recover as a prepetition default the $395,442.41 which it paid the Debtor as compensation for the Debtor's lost coal, together with attorneys' fees and interest on both the undisputed amount of $1,036,068.54 and the disputed amount of $395,442.41.

> Section 365(b)(1)(A) provides as follows: If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures or provides adequate assurance that the trustee will promptly cure such default....

The question is whether the Debtor is required to pay to Warrior & Gulf the sum of $395,442.41, plus interest and attorneys fees attributable to both that amount and to the amount of $1,036,068.54, the undisputed arrearage. The answer, of course, must be in the affirmative if these amounts are deemed to be a "default" under the Agreement.

■ It is undisputed that the Agreement is silent as to what constitutes a default and, clearly, it does not provide for the repayment of money previously tendered. This Court has no difficulty in adopting the decision of the Eleventh Circuit Court of Appeals which found that the loss of Debtor's coal was due to an act of God. However, even if the loss of the coal were due to an act of God, the Debtor's failure to pay back to Warrior & Gulf monies improperly tendered by Warrior & Gulf to the Debtor does not constitute a default. Instead, this Court is satisfied that Warrior & Gulf merely has an unsecured prepetition claim which, of course, must be dealt with under the Debtor's Plan of Reorganization.

This leaves for consideration the issue of whether Warrior & Gulf is entitled to the attorney fees and interest it seeks on the sum of $1,063,068.54, the amount in which the Debtor was admittedly in default.

The Agreement deals with responsibility for costs and attorney fees in Paragraph 15:

> [The Debtor] agrees to assume liability for and to protect, indemnify and hold harmless [Warrior & Gulf] from all suits, claims, demands, legal proceedings, fines, penalties, damages, costs, expenses, and attorneys' fees for personal injury, death and/or property damage arising out of or in connection with the loading and unloading of operations conducted pursuant to this Agreement, whether or not the loss is caused by, in whole or in part, the negligence of [Warrior & Gulf] and/or any unseaworthiness of any vessel or vessels of [Warrior & Gulf].

■ The Debtor's undisputed default of $1,063,068.54 is not based on personal injury, death, or property damage—the specific conditions described in Paragraph 15 of the Agreement requiring the Debtor to compensate Warrior & Gulf. Nevertheless, it is the contention of Warrior & Gulf that the expenses incurred in connection with the Debtor's undisputed default of $1,036,068.54 constitute an "actual pecuniary loss" under § 365(b)(1)(B) which must be cured before the Debtor can assume the Agreement. Specifically, Warrior & Gulf seeks reimbursement for expenses, including attorney fees and interest that accrued during the delay of the payment of $1,036,068.54, associated with filing a motion to

require the Debtor to assume or reject the Agreement. It is the contention of Warrior & Gulf that § 365(b)(1)(B) of the Bankruptcy Code establishes an independent statutory right of recovery and that Warrior & Gulf is not barred from recovering attorney fees and interest payment because of the language in Paragraph 15 of the Agreement.

Several cases have dealt with the right to attorney fees under § 365 of the Bankruptcy Code and the majority of these cases holds that entitlement to attorney fees under § 365(b)(1)(B) of the Bankruptcy Code is conditioned on the existence of such an agreement between the parties for payment of attorney fees. The bankruptcy court in *In re Joshua Slocumb, Ltd.*, 103 B.R. 601, (Bankr.E.D.Pa.1989) awarded attorney fees under § 365 only because the lease which the Debtor sought to assume provided for attorney fees under the existing circumstances. Similarly, in *In re Westview 74th Street Drug Corp.*, 59 B.R. 747 (Bankr.S.D.N.Y.1986), it was the contractual provision for attorney fees which gave rise to the right to recover those fees under § 365 of the Bankruptcy Code. *See also, In re Diamond Head Emporium, Inc.*, 69 B.R. 487 (Bankr.D.Haw.1987); *In re Bullock*, 17 B.R. 438 (9th Cir.BAP 1982). This Court is inclined to follow this line of cases, which is in keeping with the American Rule, which requires each party to bear the cost of his own litigation, absent a specific contractual provision to the contrary. *See In re United Nesco Container Corp.*, 68 B.R. 970, 974 (Bankr.E.D.Pa.1987).

This Court is not oblivious to the case of *In re Westworld Community HealthCare, Inc.*, 95 B.R. 730 (Bankr.C.D.Cal.1989), the only case wherein a bankruptcy court held that § 365(b)(1)(B) provides an independent right of compensation for attorney fees associated with a default under an assumed lease. Nevertheless, this Court is satisfied that the authorities cited above are more persuasive and § 365(b)(1)(B) does not provide an independent right of recovery of attorney fees and thus, this Court rejects the holding of *Westworld*.

This leaves for consideration whether or not Warrior & Gulf is entitled to reimbursement of interest for its loss of the use of the amount of the undisputed default. Clearly, interest is an actual pecuniary loss flowing directly from the admitted default of the Debtor. Thus, it is a compensable item under § 365(b)(1)(B) of the Bankruptcy Code which must be paid as a condition precedent to the Debtor's assuming the Agreement. Concerning the appropriate interest rate, this Court is satisfied that the legal rate of interest of the State of Alabama should apply. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion For Summary Judgment filed by Warrior & Gulf be, and the same is hereby, granted to the extent that it seeks interest on the Debtor's admitted prepetition default of $1,036,068.54. The remainder of the Motion for Summary Judgment filed by Warrior & Gulf is denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment is granted to the extent that the Debtor is not required to pay to Warrior & Gulf any additional sums as a default based on the disputed arrearages associated with the Debtor's lost coal and attorney fees. The Debtor's Motion for Summary Judgment is denied to the extent that the Debtor must pay to Warrior & Gulf, as a condition precedent to assuming the Transportation Agreement, interest on the Debtor's admitted prepetition default.

DONE AND ORDERED.