In re Kenneth Edward **FRENCH** and Karen Lee Behling **French, Debtors.**

In re MARINE MIDLAND AUTO-MOTIVE FINANCIAL COR-PORATION, Movant.

**Bankruptcy No. 89–44433–293.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 19, 1991.

T.J. Mullin, Clayton, Mo., for debtors.

Steven N. Cousins, Richard W. Engel, Jr., St. Louis, Mo., for movant.

John V. LaBarge, Jr., Trustee, St. Louis, Mo.

## MEMORANDUM OPINION AND ORDER

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### FINDINGS OF FACT

Upon consideration of the record, briefs and argument of counsel, the Court makes the following findings of fact:

1. The Debtors, Kenneth Edward French and Karen Lee Behling French, (hereinafter "Debtors") filed their voluntary Petition for Relief under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 101, *et seq.*) on October 19, 1989, which, *inter alia*, resulted in the stay of certain acts and proceedings against the Debtors and their properties as provided by 11 U.S.C. § 362. Debtors have remained in possession of the property of the estate.

2. Debtors, as lessees, executed a Consumer Lease with Movant, as lessor, on or about July 18, 1989 (hereinafter "Lease I"), which provided for the leasing of a 1989 Honda Civic, serial number 2HGED645KH5331537. The monthly lease payment is $246.30. Lease I is in default.

3. Debtors, as lessees, executed a second Consumer Lease with Movant, as lessor, on or about August 3, 1989 (hereinafter "Lease II"), which provided for the leasing of a 1989 Honda Accord, serial number JHMCA5639KC097692. The monthly lease payment is $359.01. Lease II is in default.

4. On or about October 19, 1989, Debtors filed a Plan of Reorganization, which was confirmed on January 4, 1990[1], without objection by Marine Midland. The Chapter 13 Plan proposed a monthly payment of $840.00 to the Trustee and also provided for the payment of arrearage on the lease prior to the payment of the Debtors' attorney's fees.

5. Debtors began making Plan payments pursuant to a wage order on November 18, 1989. Their first payment was not due until November 18, 1989. Debtors made the following Plan payments to the Trustee:

| | |
|---|---|
| November 13, 1989 | $420.00 |
| December 8, 1989 | 840.00 |
| January 11, 1990 | 840.00 |
| February 12, 1990 | 840.00 |
| March 12, 1990 | 840.00 |
| April 10, 1990 | 840.00 |
| May 11, 1990 | 840.00. |

6. Movant filed Proofs of Claim with the Bankruptcy Court on December 15, 1989, which were identified as secured

---

**1.** Unless otherwise noted all references to dates in this Order refer to 1990.

claims and designated Claim Numbers 11 and 12. Movant did not provide the Trustee a copy of the proof of claim until February 20. The deadline to file a proof of Claim in this case was February 26.

7. On June 12, Debtors filed objections to the movant's claims because they were filed as secured claims. On July 12, the Court sustained debtors' objections to claims and thereby denied said claims. Movant was granted leave to file amended claims.

8. On or about June 1, Trustee stopped making payments to Movant in direct violation of the Order. However the Trustee asserts that he stopped payments as a result of the Court's Order denying claims 11 and 12. Thereafter on October 1, movant filed claims numbers 24 and 25, as an unsecured non priority claims in the amounts of $11,583.49 and $16,884.50, as amendments to claims 12 and 11, respectively. It appears that the claims include both amounts due under the leases plus amounts representing prepetition arrearage.

9. On October 2, the movant's attorneys Armstrong, Teasdale, Schlafly, Davis & Dicus filed claim number 26 as an administrative expense in the amount of $4,502.91. The claim is for arrearages, attorneys' fees and costs incurred in connection the leases.

10. No one has filed any objections to claims numbers 24, 25 and 26.

11. Said Plan of Reorganization provides for the assumption of Lease I and Lease II and the immediate curing of all arrearage.

12. On January 11, Movant filed Motion A seeking to Compel Trustee to Make Payments Under the Chapter 13 Plan before the February 26 bar date.

13. Motion A was heard on February 8 and on February 20 the Court issued an Order granting Motion A, which further held: "... Trustee is hereby Ordered to commence payment to Movant within 10 days of the date of this Order including the curing of all arrearage as set forth in the Plan of Reorganization and any further payment of the Administrative Expense claim."

14. The Trustee complied with the Court's Order by making the following disbursements to Marine Midland:

| | |
|---|---|
| February 28, 1990 | $1,125.90 |
| February 28, 1990 | 1,641.35 |
| March 27, 1990 | 324.69 |
| March 27, 1990 | 473.31 |
| April 30, 1990 | 280.90 |
| April 30, 1990 | 409.44 |

15. On February 20, Movant's attorneys filed their Administrative Expense Claimant's Request And Application For Payment, asserting that the Debtors are indebted to the movant pursuant to § 365(b)(1) of the Bankruptcy Code for arrearage, attorneys fees and interest, in the sum of $4,316.55.

16. On April 10, a hearing was conducted on Marine Midland's Administrative Expense Claim. The parties orally stipulated to that portion of the Administrative Expense Claim relating to arrearages and narrowed the issue in dispute to the right of Marine Midland to recover attorneys' fees resulting from its pursuit of arrearages under the leases. Marine Midland seeks reimbursement of attorneys' fees and expenses in the amount of $1,290.00.

17. On April 19, Joseph Scapa, an unsecured creditor, filed his objection to the movant's administrative expense claim for attorneys' fees. Thereafter, on May 17, the Trustee filed his response objecting to movant's administrative expense claim.

CONCLUSIONS OF LAW

■ The Debtors' confirmed Chapter 13 Plan provides for the cure and subsequent assumption of two automobile leases entered into with Movant, Marine Midland. Section 365 of the Bankruptcy Code provides that an unexpired lease may not be assumed unless prepetition defaults have been cured or adequate assurance has been provided that such defaults will be cured promptly. 11 U.S.C. § 365(b)(1)(A). As noted above, the Debtors' Plan provides for the payment of arrearages on the leases before all other claims. Under the Plan, payments to Movant were to be made according to the terms of the unexpired leases with Movant's arrearage claim to be satisfied in about six months. Movant did

not object to this distribution scheme prior to confirmation.

■ Movant contends that because it is entitled to a prompt cure of default before the leases may be assumed, the costs it incurred in connection with its efforts to compel the Trustee to disburse Plan payments and affect cure are compensable administrative expenses. It is clear that obligations to cure prepetition defaults under assumed leases are an administrative expense. *See In re Leon's Casuals Co. Inc.,* 122 B.R. 768, 771 (Bankr.S.D.Ala.1990) (citing *N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531–532, 104 S.Ct. 1188, 1198–99, 79 L.Ed.2d 482 (1984)). However, costs and expenses arising from a lessor's efforts to affect cure are not necessarily presumed to be an administrative expense.

■ Under § 365, a lessor is entitled to compensation for its actual pecuniary losses resulting from default under any lease agreement a debtor seeks to assume. 11 U.S.C. § 365(b)(1)(B). These losses may be in the form of attorneys' fees incurred by the lessor in connection with the proposed assumption when the lessor has not received cure or adequate assurance that cure will be forthcoming. In order to recover attorneys' fees under § 365(b)(1)(B) the lessor must satisfy the three point test set out by the court in *In re Westworld Community Healthcare, Inc.,* 95 B.R. 730, 732 (Bankr.C.D.Ca.1989). The *Westworld* test requires a lessor to demonstrate that (i) the expense relates, either directly or indirectly, to a default under the lease; and (ii) the expense was necessary to cure the default, adequately protect the lessor against future default, or indemnify the lessor against loss; and (iii) the expense was reasonable under the circumstances. *Id.*

Marine Midland clearly meets the first requirement. However, the Court finds that Marine Midland fails to satisfy the second element set out above. The Debtors' confirmed Chapter 13 Plan provides that arrearages under the two Marine Midland leases are to be afforded Administrative Expense status. In short, Marine Midland is scheduled to receive cure before all other creditors obtain any disbursements.

Marine Midland contends that this payment scheme neither affected cure nor provided it with adequate assurance that cure would be provided promptly. The Court finds this argument to be without merit, warranting but brief comment.

While the term "prompt" is not defined under the Code, a number of courts have determined that leases, like residential mortgages, are promptly cured when a Chapter 13 Plan provides for the payment of arrearages within a year. *See, e.g., GMAC v. Lawrence,* 11 B.R. 44, 45 (Bankr. N.D.Ga.1981) (holding that cure of an automobile lease is prompt if affected within 10 months of confirmation). The Court finds that the confirmed Chapter 13 Plan provides for prompt cure and, further, notes that any perceived delay was solely the product of Movant's impatience. Moreover, the Court finds that the Movant's efforts to compel the Trustee to disburse funds before the expiration of the claims bar date did nothing to enhance the preferred position Movant already enjoyed. Although Movant's Motion To Compel Payment was granted, the Court finds that the attorneys' fees incurred by Movant were not expended out of necessity. At the time when Movant filed Motion A, it was the approved practice of the Trustee to disburse funds only after the expiration of the claims bar date. Accordingly, the Court finds that Movant is not entitled to compensation for those attorneys' fees and expenses incurred by it in connection with its Motion To Compel filed against the Trustee. Therefore, it is

HEREBY ORDERED, ADJUDGED AND DECREED that Midland's Administrative Expense Claim For Attorneys' Fees shall be and the same is DENIED; and

IT IS FURTHER ORDERED that the Trustee shall resume payment of Movant's Administrative Expense Claims for arrearages according to the Debtors' confirmed Chapter 13 Plan.