**In re BEST PRODUCTS CO., INC. et al., Debtors.**

**Bankruptcy Nos. 91 B 10048 (TLB), 91 B 10053 (TLB).**

United States Bankruptcy Court, S.D. New York.

Dec. 29, 1992.

See also 140 B.R. 353.

Weil, Gotshal & Manges by Lori Fife, and Kevin Barrett, New York City, for Best Products Co., Inc.

Stephan B. Gleich & Associates by Stephan B. Gleich, Great Neck, NY, for Berman Swarttz.

## MEMORANDUM OPINION ON ATTORNEYS' FEES

TINA L. BROZMAN, Bankruptcy Judge.

Best Products Co., Inc. (Best) and its affiliates, constitute one of the nation's largest discount retailers, operating 153 catalog showrooms. One such showroom is located in the Sullivan Square Shopping Center in Spokane, Washington which Best leases from Berman Swarttz (the Landlord). The lease will expire by its terms in August 2005 subject to Best's option to extend the term of the lease for an additional ten years.

In February, 1992, I authorized an extension of time until September 30, 1992 within which Best could assume or reject the lease. By application brought on by order to show cause dated June 5, 1992, the Landlord requested an order shortening the time within which Best could assume or reject the lease. Best consented to the relief requested, and by motion dated July 1, 1992, requested approval of the assumption of the lease. Notwithstanding the Landlord's previous expressions of the need for an expeditious decision by Best, the Landlord sought to delay the hearing on Best's motion. In addition, the Landlord objected to assumption on grounds that Best had failed to show adequate assurance of its future performance under the lease, and the landlord requested that approval of the assumption be denied.

In opposing the motion, the Landlord sought discovery of financial information regarding monthly operations, profitability, sales and information the debtor regarded as highly confidential. Although the debtor was willing to provide this information pursuant to a confidentiality agreement, the Landlord was hoping to utilize it for other purposes. The Landlord's mortgage on the shopping center is in default and the mortgagee has begun foreclosure proceedings. The Landlord wished to use Best's confidential information in its efforts to obtain refinancing and avert a foreclosure. I denied the Landlord's request, directing the debtor to produce information pursuant only to an appropriate confidentiality agreement.

As an alternative to the request that I deny Best's motion to assume the lease, the Landlord sought payment of prepetition rent arrearages and attorneys' fees it had incurred in bringing the motion to shorten the debtor's time. Best agrees to cure its prepetition rent arrearage but objects to the payment of attorneys' fees because, it contends, the fees were incurred solely in the context of proceedings under the Bankruptcy Code and not in the enforcement of lease provisions.

I have previously authorized the Debtor's assumption of the lease; the sole issue remaining is whether the Landlord is entitled to payment of the fees which it seeks.

### Discussion

Section 365(b) of the Bankruptcy Code does not provide an independent right of recovery of attorneys' fees. *In re Hillsborough Holdings Corp.*, 126 B.R. 895 (Bankr.M.D.Fla.1991); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747 (Bankr. S.D.N.Y.1986); *In re 2495 Broadway Supermarket, Inc.*, 97 B.R. 765 (Bankr. S.D.N.Y.1989); *contra, In re Foreign Crating, Inc.*, 55 B.R. 53 (Bankr.E.D.N.Y. 1985); *In re Westworld Community Healthcare, Inc.*, 95 B.R. 730 (Bankr. C.D.Cal.1989). Entitlement to attorneys' fees under this section is conditioned on the existence of an agreement between the parties for payment of attorneys' fees. *Hillsborough*, 126 B.R. at 898; *Westview*, 59 B.R. at 756. The lease which serves as the entire contract must be construed to determine the latitude and scope of the contractual right to such fees. *Westview*, 59 B.R. at 757. Where litigated issues involve not basic contract enforcement questions, but issues peculiar to bankruptcy law, attorneys' fees will not be awarded absent bad faith or harassment by the losing party. *In re Fobian*, 951 F.2d 1149 (9th Cir.1991).

The lease between Best and the Landlord contains the following pertinent language:

> In the event that any party to this Lease should commence legal proceedings to enforce its rights hereunder, the party prevailing ... shall be awarded judgment against the nonprevailing party for

all costs and expenses, including reasonable attorney fees, incurred by the prevailing party ...

 The Landlord argues that in seeking to compel assumption or rejection, it was, in essence, seeking to recover prepetition rents as part of the necessary cure, required pursuant to § 365(b), should the debtor elect to assume the lease. As such, it claims, it was seeking to enforce its rights under the lease. This argument would be somewhat more convincing had the Landlord not taken a contrary position.

First, unlike the typical application, the Landlord's application to compel assumption or rejection was not related to a default by Best under the Lease. The Landlord alleged only that it was being prejudiced by the uncertainty of Best's status in the premises pending assumption or rejection of the lease.

Second, and more determinative, is the Landlord's subsequent action. Rather than seeking payment of prepetition arrearages through the debtor's assumption of the lease and the necessary curing of prepetition defaults, once the debtor elected to assume the lease, the Landlord fiercely objected and asked me to deny the debtor's request and deem the lease rejected. Had the Landlord prevailed it would have been left with only a prepetition unsecured claim to be paid sometime in the unknown future in what has come to be known in this district as "tiny little bankruptcy dollars." *Cohen v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 138 B.R. 687, 711 (Bankr.S.D.N.Y.1992).

Contrary to its theory of why an award of fees is warranted, the Landlord actually sought to compel Best to assume or reject the lease because it hoped that in doing so it would somehow assist the Landlord in obtaining refinancing for the shopping center. Although well within its right to do so, the Landlord did not seek relief in this court to enforce the lease. The Landlord asks, however, that I ignore the subsequent position it took. Its truly silly argument, articulated at the hearing on this matter, is that since payment of prepetition

rents *could* be the aim of such a motion by a landlord, even though it was not in this instance, attorneys' fees should be awarded. I decline to do so.

The debtor is directed to settle an order consistent with this decision.