**In re RYAN'S SUBS, INC., Debtor.**

**In re Marcus Clarence RYAN, Beverly Ann Ryan, Debtors.**

**Bankruptcy Nos. 93–43486–ABF, 94–40036–ABF.**

United States Bankruptcy Court,
W.D. Missouri,
Kansas City Division.

March 22, 1994.

Tracy L. Robinson, Kansas City, MO, for debtor/debtors.

Steven Mustoe, Kansas City, MO, for movants.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtors in this Chapter 11 case are the owners of two Subway Sandwich and Salad stores. Movants, Subway Real Estate Corporation and Doctor's Associates, Inc. (collectively referred to as "Subway"), are parties to franchise and sublease agreements with the debtors. On February 22, 1994, this Court denied Subway's Motion for a Declaratory Judgment that the franchise agreement and sublease had been terminated prior to the filing of the bankruptcy petition. Debtors have since assumed those agreements. The only remaining issue is Subway's request for attorney's fees pursuant to 11 U.S.C. § 365(b)(1)(B). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (M) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). For the reasons set forth below, I deny Subway's request for attorney's fees.

## FACTUAL BACKGROUND

Prior to the bankruptcy filing, debtors were in default under the franchise agreement and two sublease agreements. As a result, Subway brought an action against the Ryans in the Circuit Court of Jackson County, Missouri, relating to the lease default. A final judgment for possession of the two leasehold store locations and restitution was entered. However, by agreement of the parties execution on the judgment was stayed so long as the debtors made certain payments to Subway. A judgment, containing the terms of such agreement, was entered by the

Circuit Court on May 11, 1993. The agreement required payments to be made to Subway Real Estate Corporation, the sublessor under the sublease agreement. Doctor's Associates, the franchisor, was not a party to such litigation.

Subsequent to the date of such judgment entry, debtors defaulted on their payment thereunder. In October, 1993, Subway Real Estate Corp. filed a request with the Jackson County Sheriff's office to evict debtors from both store locations. Ryan's Subs, Inc. filed a Chapter 11 petition on December 3, 1993, before the eviction process had been completed, and while debtors were still in possession of both premises.

In addition, prior to the bankruptcy filing, Doctor's Associates attempted to terminate the franchise agreement with debtors by giving notice of default in obligations due under such agreement.

On December 13, 1993, Subway filed with the Bankruptcy court a Motion for Declaratory Judgment, or In the Alternative, for Relief from the Automatic Stay. Such motion asked for a finding that both of the subleases and the franchise agreement had been terminated prior to the Chapter 11 filing. In the alternative, Subway moved for permission to terminate such agreements and take possession of the leased premises.

At a hearing held on February 22, 1994, this Court determined that neither the subleases nor the franchise agreement had been effectively terminated pursuant to Missouri law prior to the time of the Chapter 11 filing.[1] As a result, Subway's Motion for Declaratory Judgment or, in the Alternative, Relief from the Automatic Stay, was denied. The Court ordered the debtor to assume or reject such agreements on or before March 16, 1994, and to pay any arrearages prior to that date. On March 11, 1994, the parties filed with the Court a Stipulated Order concerning the amount of the arrearages due Subway. That Stipulated Order left open the issues of the allowability and reasonableness of attorney's fees claimed by Subway. All arrearages, other than the disputed attorney's fees, have now been paid by debtors.

*DISCUSSION*

As a rule, creditors are not entitled to attorney's fees in bankruptcy unless a specific provision of the Bankruptcy Code (the "Code") so allows. *See, e.g.,* 11 U.S.C. §§ 503(b), 506(b). However, section 365(b)(1)(B) of the Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> . . . . .
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and

11 U.S.C. § 365(b)(1)(B). In a Chapter 11 case, absent any limitations or conditions that the Court imposes, a debtor-in-possession has all the rights and powers of a trustee. 11 U.S.C. § 1107(a). The debtors-in-possession ("debtors") have elected to assume both the franchise agreement and the two subleases, and have cured the defaults. *See* 11 U.S.C. § 365(b)(1)(A). However, debtors also must compensate Subway for any actual pecuniary loss resulting from the default. 11 U.S.C. § 365(b)(1)(B). Attorney's fees incurred in attempting to collect sums due from debtors following default are defined as a pecuniary loss. *See, e.g., In re F & N Acquisition Corp.,* 152 B.R. 304 (Bankr.W.D.Wash.1993); *In re Hillsborough Holdings Corp.,* 126 B.R. 895 (Bankr. M.D.Fla.1991); *In re Westworld Community Healthcare, Inc.,* 95 B.R. 730 (Bankr.C.D.Cal. 1989). Subway claims that it has incurred

---

1. Missouri law requires a franchisor to provide the franchisee with at least ninety days written notice in advance of the termination of a franchise agreement, regardless of any shorter notice period contained in the franchise agreement itself. Mo.Stat.Ann. § 407.405 (1990). The franchise agreement involved here provided for only ten days notice. This Court found that prior to the filing of the Chapter 11 case, Doctor's Associates had not provided the requisite ninety day notice to debtors.

$12,292.78 in attorney's fees and expenses since the filing of this bankruptcy, and that such fees resulted from debtors' default. Therefore, Subway asks that debtors pay that amount to compensate Subway for its actual pecuniary loss.

This case raises two issues. First, does section 365(b)(1)(B) create an independent right to attorney's fees and expenses even if the underlying agreements would not so obligate the debtor. And second, if section 365(b)(1)(B) does not create such a right, what remedy is available to Subway under the franchise agreement and subleases.

 Subway cites one case which holds that section 365(b)(1)(B) creates an independent right to attorney's fees incurred following a default. *In re Westworld Community Healthcare, Inc.,* 95 B.R. 730, 733 (Bankr. C.D.Cal.1989). The court in *Westworld* found that section 365(b)(1) was designed to limit the trustee's power to assume executory contracts and unexpired leases. *Id.* Against that one holding, the vast majority of cases have found that section 365(b)(1)(B) does not provide an independent right of recovery without regard to the terms of the lease or contract. *See, e.g., In re Child World, Inc.,* 161 B.R. 349, 353 (Bankr.S.D.N.Y.1993); *In re F & N Acquisition Corp.,* 152 B.R. 304, 308 (Bankr.W.D.Wash.1993); *In re Hillsborough Holdings Corp.,* 126 B.R. 895, 898 (Bankr.M.D.Fla.1991); *In re Joshua Slocum, Ltd.,* 103 B.R. 601, 607–08 (Bankr.E.D.Penn. 1989); *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 756–57 (Bankr.S.D.N.Y. 1986); *In re Tech Hifi, Inc.,* 49 B.R. 876, 881 (Bankr.D.Mass.1985); *Andrew v. KMR Corp. (In re Bullock),* 17 B.R. 438, 439 (Bankr. 9th Cir.1982). I agree with the majority that section 365(b)(1)(B) does not provide an independent right of recovery of attorney's fees and expenses. Section 365 does not, and was not intended to, give creditors greater rights than they would have under the contract or lease which gives rise to the debt. *See F & N Acquisition* at 307 (citing *In re Bon Ton Restaurant & Pastry Shop, Inc.,* 53 B.R. 789, 804 (Bankr.N.D.Ill.1985)). The actual pecuniary loss suffered by a creditor is that amount which could be recovered under state law outside of bankruptcy. Here, that amount is established by the agreement of the parties.

Thus, I reach the issue of what right of recovery is provided by the subleases and contracts in this case. I will begin with the franchise agreement which provides:

> (d) In the event that the Franchisee withholds any monies due under this Agreement ... the Company shall be reimbursed by the Franchisee for all reasonable costs that it incurs in pursuing the collection of the withheld monies. These costs shall include but not be limited to Arbitration fees, Court costs, attorneys' fees, management preparation time, witness fees, and travel expenses incurred by the company.

Debtors' Exh. D, ¶ 10(d) at 7. Subway, therefore, is entitled to reimbursement for any attorney's fees and expenses it incurred while trying to collect monies it claims debtors withheld under the terms of the agreement. Those fees were incurred over a period of time between late 1992 and the filing of this bankruptcy case, when Subway unsuccessfully attempted to terminate the franchise agreement. Were Subway requesting those fees at this time, section 365(b)(1)(B) would be applicable. However, the fees at issue in this motion, with the exception of one billing dated December 1, 1993, were incurred following the filing of the bankruptcy.

Immediately after the bankruptcy filing Subway moved this Court for a declaratory judgment that the franchise agreement had been terminated prior to December 3, 1993. I held on February 22, 1994, that the franchise agreement had not been terminated prepetition because Subway had failed to comply with the ninety day written notice requirement of Missouri law. See Mo.Stat. Ann. § 407.405 (1990). I further denied Subway's alternative motion to lift the automatic stay in order to allow for post-petition termination of the franchise agreement. Therefore, virtually all of the fees at issue here were incurred in attempting to convince the Court that the agreements had, or should be, terminated, not in pursuing collection of withheld funds.

■ In *Child World* the court held that a creditor was not entitled to attorney's fees incurred in connection with the litigation of bankruptcy law issues. 161 B.R. 349, 354 (Bankr.S.D.N.Y.1993). *See also, Fobian v. Western Farm Credit Bank (In re Fobian),* 951 F.2d 1149, 1153 (9th Cir.1991) *cert. denied* — U.S. —, —, 112 S.Ct. 3031, 3032, 120 L.Ed.2d 902 (1992) (holding that where the issues litigated involve not basic contract enforcement issues, but issues peculiar to federal bankruptcy law, attorney's fees will not be awarded absent bad faith or harassment); *In re Best Products,* 148 B.R. 413, 414 (Bankr.S.D.N.Y.1992); *In re French,* 131 B.R. 138, 141 (Bankr.E.D.Mo. 1991). After holding in *In re Westworld Community Healthcare, Inc.* that section 365(b)(1)(B) creates an independent right of recovery, the court reduced the award of attorney's fees by the amount incurred in litigating a motion to lift the automatic stay and contesting the trustee's motion to assume the lease. 95 B.R. 730, 735 (Bankr. C.D.Cal.1989). As in the cases cited above, I find that Subway's attorney's fees were incurred attempting to deny debtors basic rights afforded by the Code. Section 365(a) provides for the trustee, subject only to the Court's approval, to assume or reject any executory contract or unexpired lease of the debtor. 11 U.S.C. § 365(a). Likewise, section 362(a)(1) provides that the filing of a petition in bankruptcy operates as a stay of any action against the debtor. 11 U.S.C. § 362(a)(1). If Subway chooses to challenge these rights granted to the debtor by the Code, then Subway must bear the risk of attorney's fees incurred by such action. Since the fees at issue here were almost exclusively incurred while litigating whether section 365(a) applied in this case, and alternatively whether the automatic stay should be lifted, I find that Subway is not entitled to attorney's fees and costs under the franchise agreement.

■ Debtors lease two properties from Subway Real Estate Corporation under a sublease arrangement. The sublease covering premises known as Northeast Plaza Center, Kansas City, Kansas contains no provision for attorney's fees in the event of default. *See* Debtors' Exh. B. The sublease covering premises known as Landing Venture Associates, Kansas City, Missouri provides:

(6) The purpose of this sublease is so that the Sublessee can operate a SUBWAY Sandwich Shop under the terms of his Franchise Agreement ... If at any time during the term of this Sublease, Sublessee shall default in the performance of any of the terms of the Master Lease or the Franchise Agreement, Sublessor may terminate this lease on ten (10) days written notice to Sublessee ... The parties agree that in the event of litigation the prevailing party's reasonable legal fees will be paid by the non-prevailing party and that trial by jury shall be waived.

Debtors' Exh. C, ¶ 6. I agree that Subway was the prevailing party in the action against the debtors in the Circuit Court of Jackson County resulting in a judgment in its favor. However, none of the fees at issue here were incurred in that litigation. The litigation in which the fees were actually incurred was Subway's Motion for Declaratory Judgment and In the Alternative Relief from the Automatic Stay. That motion was denied, therefore, Subway would not be entitled to attorney's fees under the prevailing party standard found in the sublease. The contract, or in this case the sublease, determines the latitude and scope of the right to recover attorney's fees and expenses. *In re Westview 74th Street Drug Corp.,* 59 B.R. 747, 757 (Bankr.S.D.N.Y.1986). Therefore, under the sublease I find that Subway is not entitled to attorney's fees and expenses.

Having found that virtually all of the attorney's fees in this case were incurred in litigating bankruptcy law issues, and are therefore not allowable under the agreements between the parties, Subway's motion for attorney's fees should be denied.

An Order in accordance with this Memorandum Opinion will be entered this date.