In re SHANGRA–LA, INC., Debtor.

Bankruptcy No. 96–01930–5–ATS.

United States Bankruptcy Court,
E.D. North Carolina.

Oct. 8, 1997.

Holmes P. Harden, Maupin Taylor Ellis & Adams, Raleigh, NC, Chapter 7 Trustee.

Peter J. Sarda, Raleigh, NC, for Three Sisters Partners, LLC.

## ORDER ALLOWING COMPENSATION AND EXPENSES

A. THOMAS SMALL, Chief Judge.

The matter before the court is the application for attorney fees and expenses filed by Three Sisters Partners, LLC ("Three Sisters"). An objection was filed by Holmes P. Harden, chapter 7 trustee for Shangra–La, Inc., and by the Bankruptcy Administrator. A hearing was held in Raleigh, North Carolina on September 25, 1997.

Shangra–La, Inc., the owner of a nightclub in Raleigh, North Carolina, filed for relief under chapter 11 of the Bankruptcy Code on November 13, 1996. Three Sisters owns the real property on which Shangra–La's nightclub is located and is the debtor's landlord. The debtor made substantial improvements to Three Sisters' property, and as a result the lease, which also contains a purchase option, is below market. Undoubtedly, the lease is the most valuable asset of the debtor's estate.

Shangra–La's efforts to reorganize were jeopardized by substantial disagreements between two factions that each owned 50% of the debtor's stock, and a chapter 11 trustee was appointed at the request of the Bankruptcy Administrator. Each shareholder faction filed a plan of reorganization, as did Three Sisters, and one of the shareholder group's plans was confirmed. Unfortunately, the plan proponent's financing did not materialize, and when it became apparent that the plan could not be consummated, the case was converted to chapter 7. Subsequently, the court approved the chapter 7 trustee's motion to assume and assign the lease.

Three Sisters contends that as a condition to the assumption of the lease by the trustee, it is entitled to be compensated pursuant to 11 U.S.C. § 365(b)(1)(B) for its actual pecuniary loss resulting from the default, including $41,315.50 representing attorneys' fees for two law firms and expenses of $1,417.59. The legal services consist of prebankruptcy collection efforts as well as substantial representation in the bankruptcy case including two unsuccessful motions for relief from the automatic stay, the filing of a plan of reorganization and numerous objections.

Alternatively, Three Sisters argues that it is entitled to an administrative expense claim for its attorneys' fees and expenses pursuant to 11 U.S.C. § 503(b)(3)(D) and § 503(b)(4) because of the substantial contribution it made to the case.

The trustee and the Bankruptcy Administrator concede that Three Sisters is entitled to some attorneys' fees and expenses related to Shangra–La's lease defaults, but maintain that Three Sisters should not recover any fees or expenses for legal services and expenses related to representation of its interests in the bankruptcy case.

*11 U.S.C. § 365(b)(1)(B)*

11 U.S.C. § 365(b)(1)(B) states that

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—....

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, **for any actual**

**pecuniary loss to such party resulting from such default[.]**

(emphasis added).

 This court agrees with the majority of courts that hold that the pecuniary loss language of § 365(b)(1)(B) does not create an independent entitlement to attorney's fees and that attorney's fees may be a part of the "pecuniary loss" under § 365(b)(1)(B) only if attorney's fees are provided for by the specific terms of the lease or executory contract being assumed. *Lacey v. Westside Print Works, Inc. (In re Westside Print Works, Inc.)*, 180 B.R. 557 (9th Cir. BAP 1995) (rejecting *In re Westworld Community Healthcare*, 95 B.R. 730 (Bankr.C.D.Cal.1989)); *In re Child World, Inc.*, 161 B.R. 349 (Bankr. S.D.N.Y.1993); *In re F & N Acquisition Corp.*, 152 B.R. 304 (Bankr.W.D.Wash.1993).

 Under the "American Rule," a prevailing litigant is not entitled to attorney's fees unless specifically provided for by statute or pursuant to the terms of a contract. *Alyeska Pipeline Serv. v. Wilderness Soc.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

 In this case Three Sisters' lease contains two provisions regarding Shangra–La's liability for legal expenses. Paragraph 15.1 of the lease provides that

> The LESSEE expressly agrees to indemnify ... the LESSOR ... from and against any and all ... claims, actions or demands for labor, materials or related services incurred by LESSEE in connection with any work done upon leased Premises by LESSEE or anyone claiming under LESSEE so that the leased Premises shall at all times be free of any liens.... The LESSEE shall repay LESSOR, as additional rent hereunder on demand, all sums disbursed or deposited by LESSOR pursuant to the foregoing provisions of the Lease, including LESSOR's

costs and reasonable attorneys' fees incurred.

Paragraph 22.4 provides that

> In the event the LESSOR shall employ an attorney to collect any sum due under the Lease or enforce any obligation of the LESSEE hereunder, the LESSEE shall be liable for reasonable attorneys' fees in the amount of fifteen percent (15%) or the maximum percentage allowed thereunder of the outstanding balance due under the Lease pursuant to N.C.G.S. § 6–21.2 now in effect or as amended.

Consequently, attorneys' fees incurred by Three Sisters in pursuit of its remedies regarding the lease default may be a part of its pecuniary loss under § 365(b)(1)(B).

Prior to bankruptcy Shangra–La allowed liens to be filed against the property, an event that Three Sisters claims was a lease default. Three Sisters declared the lease in default, attempted to terminate the lease and obtained a judgment for summary ejectment in Small Claims Court.[1] These activities were undertaken in response to Shangra–La's default, and the attorneys' fees and expenses that Three Sisters incurred are a part of the pecuniary loss that must be cured pursuant to § 365(b)(1)(B). However, the attorneys' fees and expenses that Three Sisters incurred in connection with its litigation in the bankruptcy case are not.

 If the bankruptcy litigation involves issues peculiar to federal bankruptcy law, the landlord's entitlement to attorney's fees under a lease default clause would not constitute pecuniary loss under § 365(b)(1)(B). *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir.1991). Three Sisters' submission of a plan of reorganization and its objection to competing plans and to the debtor's financing involved strictly bankruptcy issues, and Three Sisters' attorneys' fees for those activities should not be paid from the bankruptcy estate.

 Three Sisters' motions for relief from the automatic stay present a closer question.

---

1. The judgment was on appeal when Shangra–La filed its chapter 11 petition, and the eviction was stayed by the automatic stay provided by 11 U.S.C. § 362(a). In its order denying Three Sisters' motion for relief from the automatic stay, the court found that the lease had not been terminated.

It can be argued that by seeking relief from the stay Three Sisters was following the best strategy to assure the repayment of its rent and to protect itself from other defaults. *In re Foreign Crating, Inc.*, 55 B.R. 53 (Bankr. E.D.N.Y.1985). Nevertheless, the motion for relief from the automatic stay was primarily one to dissolve an injunction created by the Bankruptcy Code. Therefore, the attorneys' fees incurred in that endeavor are not part of Three Sisters' pecuniary loss. *In re Fobian*, 951 F.2d at 1153; *Johnson v. Righetti (In re Johnson)*, 756 F.2d 738 (9th Cir.1985); *In re Ryan's Subs, Inc.*, 165 B.R. 465, 469 (Bankr. W.D.Mo.1994).

Three Sisters also maintains that because the lease was assumed, the trustee is responsible for all obligations under the lease including the payment of attorneys' fees arising from a default. Furthermore, Three Sisters, relying on *Nostas Assoc. v. Costich (In re Klein Sleep Products, Inc.)*, 78 F.3d 18 (2nd Cir.1996), contends that the assumed obligations are costs of administration. The court agrees that the trustee has assumed the obligations of the lease and that the assumed obligations are costs of administration. But, as previously stated, most of the attorneys' fees were incurred with respect to matters arising as a result of rights provided to the trustee under the Bankruptcy Code rather than with respect to the defaults under the lease. The attorneys' fees that relate to litigation arising under the Bankruptcy Code are not part of Three Sisters' pecuniary loss and are not compensable as a cost of administration from the debtor's estate.

*11 U.S.C. § 503(b)(3)(D) and § 503(b)(4)*

11 U.S.C. § 503(b)(3)(D) provides that a creditor is entitled to an administrative expense claim for costs incurred in "making a substantial contribution" to a chapter 11 case. 11 U.S.C. § 503(b)(4) provides that the reimbursable expenses incurred by a creditor under § 503(b)(3)(D) include reasonable attorney's fees and the attorney's actual and necessary expenses. To have an administrative expense claim under § 503(b)(3)(D), the creditor must show a substantial contribution and a tangible benefit to the estate. *See* 3 COLLIER ON BANK-RUPTCY ¶ 503.10[4][a] (Lawrence P. King et al. eds., 15th ed. rev.1997) and 2 WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE 2D § 42:27 (William L. Norton, Jr. ed., 1994). Three Sisters has not made that showing. Clearly, Three Sisters' actions were motivated by a desire to protect its own interests in the lease, and any indirect incidental benefit to the estate is too remote to warrant payment of Three Sisters' attorneys' fees under §§ 503(b)(3)(D) and 503(b)(4).

The court has reviewed the fee applications submitted by counsel for Three Sisters and finds that $5,231.25 is reasonable compensation for legal services in connection with Three Sisters' prebankruptcy efforts with regard to Shangra–La's lease defaults and that reasonable expenses are $185.40. The court concludes that $5,416.65 is a part of Three Sisters' "pecuniary loss" and that amount shall be paid to Three Sisters by the chapter 7 trustee.

**SO ORDERED.**