United States Court of Appeals,

Fifth Circuit.

No. 92-4399.

In the Matter of Rodney Dale COSTON and Billie Katherine Coston, Debtors.

Rodney Dale COSTON and Billie Katherine Coston, Appellants,

v.

BANK OF MALVERN, Appellee.

May 24, 1993.

Appeal from the United States District Court for the Eastern District of Texas.

Before POLITZ, Chief Judge, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, EMILIO M. GARZA, and DEMOSS, Circuit Judges.

PER CURIAM:

We have taken this case en banc for the sole purpose of deciding whether the "reasonableness" of a creditor's reliance under 11 U.S.C. § 523(a)(2)(B) is an issue of law subject to de novo review on appeal or a question of fact to be reviewed under the clearly erroneous standard. Today we hold that, for purposes of section 523(a)(2)(B), the reasonableness of a creditor's reliance is a question of fact, which is reviewable only for clear error. In so doing, we overrule our opinion in *In re Jordan,* 927 F.2d 221 (5th Cir.1991), to the extent it held that reasonableness of reliance is a conclusion of law.

I.

In June 1987, Rodney and Billie Coston (the Costons) applied to the Bank of Malvern (the Bank), which is located in Malvern, Arkansas, for a $175,000 loan. To obtain the loan, the Costons were required to submit a joint financial statement to the Bank. On that statement, Rodney represented that his account in his employer's retirement plan was worth $1.2 million (which it was) and was readily convertible into cash (which it was not). Rodney repeated these representations at several subsequent meetings with bank officials. Relying on these representations, the Bank decided to make the $175,000 loan to the Costons, who in turn executed a note in favor of the Bank.

About a year and a half later, in January 1989, the Costons filed a petition for bankruptcy in

the Eastern District of Texas.[1]  The Bank thereafter objected to the Coston's discharge from the $175,000 note, arguing that the debt was not dischargeable under 11 U.S.C. § 523(a)(2)(B).  The bankruptcy court agreed.  In particular, the bankruptcy court determined that (1) the Costons had submitted a materially false written statement to the Bank, (2) the statement concerned the Costons' financial condition, (3) the Costons intended to deceive the Bank, and (4) the Bank reasonably relied on the statement.  The bankruptcy court also rejected the Costons' argument that the Bank's objection to discharge was untimely.

On appeal to the district court, the Costons argued that the bankruptcy court erred in finding that the Bank timely objected to their discharge and that the Bank reasonably relied on their financial statement.  The district court rejected these arguments and affirmed the bankruptcy court's determination that the $175,000 note was non-dischargeable.  The Costons then appealed to this court.

The panel that originally decided this appeal reversed the district court's decision.  *See In re Coston,* 987 F.2d 1096 (5th Cir.1992).  The panel agreed with the bankruptcy and district courts that the Bank's motion for denial of discharge was timely.  With respect to the bankruptcy court's determination that the Bank had reasonably relied on the Coston's materially false financial statement, however, the panel dutifully applied the de novo standard of review announced in *In re Jordan.*  And, in reviewing the bankruptcy court's reasonable reliance determination de novo, the panel concluded that, although it was a close question, the Bank's "reliance on the [Costons'] statement without so much as making a single telephone call to verify liquidity simply was not reasonable."  The panel therefore held as a matter of law that the $175,000 note was subject to discharge.

II.

Because our policy of reviewing de novo reasonableness of reliance determinations under section 523(a)(2)(B) is in conflict with the policy of other circuits, we decided to rehear this case en

---

[1]When the Costons voluntarily filed for bankruptcy, an involuntary petition, which had been filed one day earlier by the Bank and the Arkansas Development and Finance Authority, was already pending in the bankruptcy court for the Western District of Arkansas.  The bankruptcy court in Arkansas subsequently dismissed the involuntary petition, however, allowing the voluntary proceeding in Texas to go forward.

banc, thereby vacating the panel opinion. Specifically, we now consider whether, despite our statement in *In re Jordan* to the contrary, a bankruptcy court's determination regarding the reasonableness of a creditor's reliance under section 523(a)(2)(B) is factual in nature and therefore insulated by the clearly erroneous standard of review.[2] For the following reasons, we hold that it is.

## A.

First, our statement in *In re Jordan,* that "[t]he reasonableness of reliance is a conclusion of law," 927 F.2d at 227, appears to have been unnecessary. After all, we ultimately agreed with the bankruptcy court's determination that the creditor had reasonably relied on the financial documents submitted by the debtors. In hindsight we are persuaded that our statement was not necessary to the decision to affirm the bankruptcy court's determination that the specific debt involved was non-dischargeable under section 523(a)(2)(B).

## B.

In addition, since our decision in *In re Jordan,* it has become clear that our policy of reviewing de novo the bankruptcy court's reasonableness of reliance determination is in conflict with the rule in other circuits. Most recently, in *In re Woolum,* 979 F.2d 71 (6th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1645, --- L.Ed.2d ---- (1993), the Sixth Circuit joined the majority of circuits that have considered the issue and rejected our de novo approach. It explicitly held that "[t]he district court committed reversible error in determining that reasonable reliance by a lender [under section 523(a)(2)(B) ] is a mixed question of law and fact, and then reviewing the bankruptcy court's decision under a *de novo* standard." *Id.* at 75. The Sixth Circuit further noted:

> Our view of the matter is in accord with the holdings of the Courts of Appeals for the Seventh, Ninth and Tenth Circuits. *See Matter of Bonnett,* 895 F.2d 1155, 1157 (7th Cir.1989); *In re Lansford,* 822 F.2d 902, 904 (9th Cir.1987); *In re Watson,* 958 F.2d 977, 978 (10th Cir.1992). We decline to follow the holding of the Court of Appeals for the Fifth Circuit in *Matter of Jordan,* 927 F.2d 221, 225 (1991), where that court found that reasonableness of reliance was a conclusion of law subject to *de novo* review.

*Id.* at 76; *see also In re Collins,* 946 F.2d 815, 817 (11th Cir.1991) (bankruptcy court's finding under section 523(a)(2)(B) that lender reasonably relied on debtor's false statement is finding of fact

---

[2]The panel's opinion concerning the timeliness of the Bank's objection to the Costons' discharge is, therefore, unaffected by our decision today.

insulated by clearly erroneous standard); *In re Ophaug,* 827 F.2d 340, 341 (8th Cir.1987) (suggesting that, where reliance must be reasonable under section 523(a)(2), the reasonableness determination would be reviewed for clear error).

C.

Further, in analogous contexts, courts have always treated the "reasonableness" of a person's reliance as a question of fact. In the context of common law fraud, the elements of which are substantially similar, if not identical, to those under section 523(a)(2)(B), courts uniformly treat the issue of reasonable or justifiable reliance as a question for the factfinder. *See, e.g., Ferrell v. Cox,* 617 A.2d 1003, 1006-07 (Me.1992); *Henderson v. Forman,* 240 Neb. 939, 946, 486 N.W.2d 182, 187 (1992); *Gray v. Don Miller & Assocs.,* 35 Cal.3d 498, 198 Cal.Rptr. 551, 553, 674 P.2d 253, 255 (1984); *Berg v. Xerxes-Southdale Office Bldg. Co.,* 290 N.W.2d 612, 616 (Minn.1980); *Berkeley Bank for Cooperatives v. Meibos,* 607 P.2d 798, 801 (Utah 1980). The rule is similar in the context of promissory estoppel. *See, e.g., Mers v. Dispatch Printing Co.,* 19 Ohio St.3d 100, 105, 483 N.E.2d 150, 155 (1985) (meaning of employer's promise, and whether acts flowing from it were reasonable, are questions of fact for jury determination); *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863 (Tex.App.—Houston [14th Dist.] 1984, no writ) (whether plaintiff reasonably relied on promise is generally a question of fact). We can see no justification for treating a creditor's reasonableness of reliance under section 523(a)(2)(B) differently.

D.

Ultimately, our conclusion that the section 523(a)(2)(B) reasonableness of reliance determination is a factual one rests on the nature of the determination. The reasonableness of a creditor's reliance, in our view, should be judged in light of the totality of the circumstances. The bankruptcy court may consider, among other things: whether there had been previous business dealings with the debtor that gave rise to a relationship of trust; whether there were any "red flags" that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations. *See In re Ledford,* 970 F.2d 1556, 1560 (6th Cir.1992) (setting forth

circumstances that may be considered in context of section 523(a)(2)(A) reasonableness of reliance determination), *cert. denied,* --- U.S. ----, 113 S.Ct. 1272, 122 L.Ed.2d 667 (1993); *see also In re Mullet,* 817 F.2d 677, 679 (10th Cir.1987) ("[T]he reasonableness of a creditor's reliance will be evaluated according to the particular facts and circumstances present in a given case.").  Because the inquiry into the reasonableness of the creditor's reliance ultimately rests on the particular circumstances of each case, we think that the bankruptcy judge, who is most familiar with those circumstances, should have the benefit of the clearly erroneous rule when making the reasonableness determination.[3]

### III.

Having concluded that a bankruptcy court's reasonableness of reliance determination under section 523(a)(2)(B) is a factual one, we must now review the bankruptcy court's finding in this case that the Bank of Malvern reasonably relied on the Costons' financial statements.  That is, we must determine whether the bankruptcy court's finding of reasonable reliance is clearly erroneous.  We hold that it is not.

Under the clearly erroneous standard of review, we will not set aside a finding of fact unless, based upon the entire record, we are left with a definite and firm conviction that a mistake has been committed.  *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).  If the bankruptcy court's "account of the evidence is plausible in light of the

---

[3]We note, however, that the clearly erroneous standard of review "does not inhibit an appellate court's power to correct ... a finding of fact that is predicated on a misunderstanding of the governing rule of law." *Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 501, 104 S.Ct. 1949, 1960, 80 L.Ed.2d 502 (1984).  If an appellate court determines that the bankruptcy court's reasonableness of reliance finding is predicated on an erroneous view of the law, the appellate court should usually remand for further proceedings under the appropriate legal standard.  *See Pullman-Standard v. Swint,* 456 U.S. 273, 290-93, 102 S.Ct. 1781, 1791-93, 72 L.Ed.2d 66 (1982);  *see also In re Allen,* 65 B.R. 752, 767 (E.D.Va.1986) (remanding case so that bankruptcy court, which erroneously concluded that creditors had a *per se* duty to verify the accuracy of a financial statement under section 523(a)(2)(B)(iii), could hear more evidence and make further findings under the correct legal standard), *appeal dismissed,* 823 F.2d 548 (4th Cir.1987).  We also note that the determination to grant or deny a discharge is a "core" bankruptcy proceeding.  *See* 28 U.S.C. § 157(b)(2)(I).  In reviewing such a proceeding (or related, non-core proceeding that the parties have consented to have tried by the bankruptcy court), the district court is bound to review the bankruptcy court's decision under the same standards that we apply to an ordinary district court opinion.  *See, e.g., Matter of Hipp, Inc.,* 895 F.2d 1503, 1517 (5th Cir.1990).

record viewed in its entirety," we will not reverse it.  *Id.* at 573, 105 S.Ct. at 1511.  Moreover, we must give due regard to the opportunity of the bankruptcy court to judge the credibility of witnesses. FED.R.CIV.P. 52(a);  BANKR.R. 8013.

When we review the bankruptcy court's determination that the Bank reasonably relied on the Costons' financial statements under the strictures of the clearly erroneous standard, we are constrained to affirm that finding.  Indeed, in the original opinion in this case, the panel—applying a de novo standard of review—readily acknowledged that "this case presents a close call as to whether the reliance of the [B]ank was reasonable."  The panel also observed that, if it were reviewing the bankruptcy court's reasonableness finding for clear error, "there is no doubt that [it] would have to affirm."  Thus, the panel readily conceded that the bankruptcy court's finding of reasonable reliance is plausible in light of the record, and not clearly erroneous.

## IV.

In sum, we hold that the bankruptcy court's reasonableness of reliance determination under section 523(a)(2)(B), being factual in nature, is reviewable only for clear error.  By so holding, we overrule our decision in *In re Jordan* to the extent it is inconsistent.  And, after reviewing the bankruptcy court's reasonableness of reliance determination in this case for clear error, we find none. The district court's decision affirming the Costons' denial of discharge is therefore AFFIRMED.