In re Ali M. SAMANI, Shahla R. Samani, Debtors.

**AT & T UNIVERSAL CARD SERVICES, Plaintiff,**

v.

**Ali M. SAMANI, Shahla R. Samani, Defendants.**

**Bankruptcy No. 94–47238–H5–7. Adversary No. 95–4058.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 4, 1996.

878

Richard L. Abrams, Houston, TX, for Plaintiff.

J. Robert Harris, Houston, TX, for Defendants.

## MEMORANDUM OPINION

KAREN KENNEDY BROWN, Bankruptcy Judge.

Before the Court is AT & T Universal Card Services' complaint to determine dischargeability of debt in the amount of $6,783.13 against defendants Ali M. and Shahla R. Samani based on 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(B). The Court has jurisdiction of this complaint pursuant to 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(I), 1334(b) and 11 U.S.C. § 523(c). This is a core proceeding.

### I. Findings of Fact

Ali M. Samani holds an AT & T Universal Card Services credit card. From May to

August 1994, debtors incurred numerous charges at department stores, toy stores, and sporting goods stores for clothing, perfume, and gifts for friends. Mrs. Samani also incurred numerous travel charges during this time. Debtors also took a $1,500 cash advance on the card to send cash to Mr. Samani's ill father in Iran and charged an Air France airplane ticket for Mrs. Samani's mother to travel to the United States. New charges incurred during this time total $3,181.80 plus finance charges. The Samanis last made a payment on this account of $65.00 in July 1994.

On October 26, 1994, the defendants filed their chapter 7 petition. According to defendants' bankruptcy schedules, the defendants have $39,781.00 in unsecured nonpriority debt, $37,046.00 of which is charge card debts. At the time of the filing, credit card minimum payments totaled $700–800 per month. The defendants have current monthly income of $2,927.00 and current combined monthly expenses of $2,529.00. The defendants' combined income was $51,060.00 in 1992, and $49,415.00 in 1993.

Mr. Samani testified that the charges on the account were incurred by his wife during a period of marital discord. The Court finds that as the sole card holder, Mr. Samani knowingly allowed his wife to use the card and to incur the charges as they were made. There was no change in employment prior to Mrs. Samani incurring these debts; there was no other change in personal circumstances which would suggest an improvement to the Samanis financial condition.

## II. Conclusions of Law

AT & T asserts that this credit card debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).[1]

Bankruptcy Code § 523(a)(2)(A) and (B) provide:

(a) A discharge under 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; or....

Proof of fraud requires a showing that (1) debtor obtained money by false representations; (2) debtor made the false representations with intent to deceive the creditor; and (3) the creditor relied on the false representation. *In re Allison,* 960 F.2d 481, 483 (5th Cir.1992). The Supreme Court in *Field v. Mans,* —— U.S. ——, ——, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995) recently found that Section 523(a)(2)(A) requires proof of only justifiable, not reasonable reliance as an element of actual fraud.

This Court previously in *In re Hulbert,* 150 B.R. 169 (Bankr.S.D.Tex.1993) found that the Fifth Circuit case of *Davison–Paxon Co. v. Caldwell,* 115 F.2d 189 (5th Cir.1940), *cert. denied,* 313 U.S. 564, 61 S.Ct. 841, 85 L.Ed. 1523 (1941), which held proof of an implied representation insufficient to prove fraud, remains binding precedent despite subsequent appellate language questioning its application to credit card transactions. *See Sears, Roebuck & Co. v. Boydston (In re Boydston),* 520 F.2d 1098, 1101 (5th Cir.1975). Creditors cannot establish fraud based on the implied representation of an intent to repay and ability to pay based on the mere use by the debtor of a credit card. Cases which allow this result directly contra-

---

1. AT & T asserts that the charges incurred are nondischargeable under 11 U.S.C. § 523(a)(2)(B), but the Court finds that plaintiff failed to prove nondischargeability under this section.

vene *Davison–Paxon* and present troubling burden-shifting questions.

■ It has long been recognized, however, that fraud is rarely proven by direct evidence. *See* Drew Frackowiak, The Fallacy of Conflicting Theories for Analyzing Credit Card Fraud Under 11 USC Section 523(a)(2)(A), 4 J. Bankr.L. & Prac. 641, 652 (Sept. 1995). Instead, courts ordinarily consider an objective totality of the circumstances test to consider the circumstances of the alleged fraud. Frackowiak, at 653.

■ Consequently, the question for this court is whether the creditor has proven by a preponderance of the evidence the necessary elements of actual fraud by a totality of the circumstances. In evaluating intent, courts look to the length of time between the loan and the bankruptcy; changes in the buying habits of the debtor; the debtor's financial sophistication; debtor's employment status; whether the debtor consulted an attorney regarding filing bankruptcy before the charges were made; whether the purchases were for luxuries or necessities; and whether debtors were hopelessly insolvent at the time of the charges. *See Hulbert*, 150 B.R. at 173.

■ The Court finds that both Mr. and Mrs. Samani knew at the time the charges were incurred that debtors could not pay them, and the Court finds that there is no evidence that either Mr. or Mrs. Samani ever intended to repay the charges as they were incurred. Many of the items purchased were frivolous. The charges for the debtors' parents' benefit were made at a time when debtors knew they could never repay the debt and had no intentions of doing so. The amount of charges incurred far exceeded any prior months' charges and exceeded the debtors' ability to repay even the minimum monthly payment due.

■ The Court finds that by using their credit cards in the transactions at issue, the Samanis defrauded plaintiff. The Court finds this intent not to repay from the totality of the circumstances, including the debtors' incomes, the luxury nature of the items purchased, and the timing of the purchases in relation to the filing of bankruptcy. As noted, there was no change in debtor's em-

ployment or income at the time of the purchases which would indicate ability or intent to repay. Moreover, the Court finds that reliance by the creditor was justified based on debtors' prior sporadic payment of at least the minimum monthly amount due.

■ AT & T has incurred reasonable and necessary attorneys fees in the collection of this matter in the amount of $700.00. Attorneys fees for which a creditor has a contractual right under state law and which are incurred in connection with a nondischargeable debt are likewise nondischargeable. *See In re Jordan*, 927 F.2d 221, 227 (5th Cir. 1991), overruled on other grounds; *In re Coston*, 991 F.2d 257 (5th Cir.1993).

Based on the foregoing, it is

**ORDERED** that the debt of Ali and Shahla Samani to AT & T Universal Card Services in the amount of $3,181.80 and attorneys fees in the amount of $700.00 is not discharged. It is further

**ORDERED** that the parties shall submit a final judgment in accordance with this Memorandum Opinion.