# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 99-6010/6013WM

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| James Dean Keim and | * | |
| Tracy Ann McFadin, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Richard Glee Guess and | * | |
| Donna K. Guess, | * | |
| | * | |
| Plaintiffs - Appellants | * | Appeals from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Western District of Missouri |
| | * | |
| James Dean Keim and | * | |
| Tracy Ann McFadin, | * | |
| | * | |
| Defendants - Appellees | * | |

_____

Submitted: July 21, 1999
Filed: August 6 , 1999

_____

Before KRESSEL, SCHERMER, and SCOTT, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge.


Richard and Donna Guess appeal from the February 5, 1999, order of the bankruptcy

court[1] determining the debt owed to them by James Keim and Tracy McFadin is not excepted from discharge under 11 U.S.C. § 523(a)(2)(B). The defendants appeal from evidentiary and post-judgment rulings as well as some of the court's findings of fact. For the reasons set forth below, we affirm.

## BACKGROUND

The Guesses owned and operated a flower shop. They decided to sell it and listed it with David Bray, a business broker. The debtors contacted Bray and expressed an interest in buying the flower shop business. Bray requested a confidentiality and warranty agreement under which the debtors would represent that they had sufficient financial resources to purchase the flower shop.

The debtors gave Bray a purported financial statement. The document included the following description of the debtors' assets: 1) the debtors sold a piece of real estate which produced an asset of $24,500 which was either on hand or in a bank; 2) the debtors had $2,000 in a personal checking account; 3) the debtors had $25,000 in an account noted "½ joint;" 4) debtor McFadin had a partnership interest of unknown value in the McFadin and McFadin law firm; and 5) the debtors had a one-sixth ownership interest in the Three Oaks Building and either the one-sixth interest or the building had an estimated value of $1 million. The document did not identify whether the $25,000 in an account was the same money obtained by the sale of real estate or a separate, additional sum of cash.

This same document listed the debtor's liabilities as only two student loans in the amounts of $17,500 and $5,000, and a $100,000 liability derived from the Three Oaks Building. The only other information provided by the statement was monthly income of $3,200. The income noted was not described as gross or net, and no source of the income was indicated. There was no information about payments due on the liabilities, and no information regarding living expense liabilities. The document was a form with entries

---

[1]The Honorable Frank W. Koger, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

2

completed in writing. The total assets and liabilities and a net worth were not calculated and entered as required by the form.

On January 2, 1996, the Guesses and the debtors closed the sale of the flower shop business. The debtors made a $25,000 down payment and the Guesses financed the remainder of the purchase price, $53,306. The debtors also agreed to pay $25,000 in monthly installments for the Guesses' promise not to compete. The debtors defaulted, and the Guesses sued them in state court. The debtors filed a petition under Chapter 7 on May 19, 1998, while the action in state court was pending. The Guesses brought an adversary proceeding claiming that the debt to them is excepted from the debtors' discharge pursuant to § 523(a)(2)(B).

DISCUSSION

Section 523(a)(2)(B) provides:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt -- (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -- (B) use of a statement in writing – (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive.

See 11 U.S.C. § 523(a)(2)(B); First Nat'l Bank of Olathe, Kansas v. Pontow, 111 F.3d 604, 608 (8th Cir. 1997); Sinclair Oil Corp. v. Jones (In re Jones), 31 F.3d 659, 661-62 (8th Cir. 1994).

The bankruptcy court found that the financial statement completed by the debtors and provided to the Guesses was a statement in writing, that it concerned the debtors' financial condition, and that it was materially false. The court also found that the debtors intentionally misrepresented their assets and liabilities on the statement for the purpose of deceiving the Guesses.

3

However, the court found that the Guesses plainly failed to prove that they reasonably relied on the false financial statement, and that therefore the debt was not excepted from the debtors' discharge by operation of § 523(a)(2)(B).

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Johnson v. Border State Bank (In re Johnson), 230 B.R. 608, 609 (8th Cir. BAP 1999); Eilbert v. Pelican (In re Eilbert), 162 F.3d 523, 525 (8th Cir. 1998). A bankruptcy court's determination of reasonable reliance for purposes of § 523(a)(2)(B) is a finding of fact. See Pontow, 111 F.3d at 609.

"The determination of the reasonableness of a creditor's reliance is to be made 'in light of the totality of the circumstances.'" See Pontow, 111 F.3d at 610, citing Coston v. Bank of Malvern (In re Coston), 991 F.2d 257,261 (5th Cir. 1993)(en banc). "Among other things, a court may consider 'whether there were any 'red flags' that would have alerted an ordinarily prudent lender to the possibility that the representations relied upon were not accurate; and whether even minimal investigation would have revealed the inaccuracy of the debtor's representations.'" Id.

The bankruptcy court found that the Guesses deemed the debtors secure buyers almost exclusively on the basis of the ownership interest in the Three Oaks Building. The court held that at a minimum, therefore, the Guesses should have required some type of proof of that ownership interest and some evidence as to the accuracy of the value of the interest. The bankruptcy court also determined that the fact that the interest was a part interest, and the fact that the value of the interest or building was estimated, were red flags that would have alerted an ordinarily prudent lender to conduct at least a minimal investigation into the veracity of the representations.

Instead, the Guesses conducted no investigation at all as to the accuracy of the representations made in the debtors' financial statement.[2] Applying the totality of the

---

[2] The bankruptcy court found that the Guesses did not ask the debtors for proof of their ownership interest in the Three Oaks Building, did not conduct a title search, did not procure an appraisal, and did not even verify the existence of the building.

circumstances test, the bankruptcy court held that the Guesses' blind reliance on a purchaser's financial statement was not reasonable and accordingly did not satisfy the requirements of § 523(a)(2)(B) to make a debt nondischargeable .

We agree with the bankruptcy court's decision. The debtors' purported financial statement does not amount to the sort of financial statement that any creditor could reasonably rely upon without some further inquiry and verification. The statement does not recite of all the debtors' assets and liabilities, and those items that are contained in the statement are materially and obviously incomplete and ambiguous. No reasonable person would be able to discern the debtors' financial wherewithal based solely on the hand-scribbled rough draft of an incomplete financial statement relied upon by the Guesses in this case.

## CROSS-APPEAL

The debtors have cross-appealed the judgment of the bankruptcy court. They contend that the court erred in finding that the financial statement was materially false and intended to deceive the Guesses, and that the court abused its discretion in denying the debtors' motion for leave to file an amended answer.

We need not decide the debtors' cross appeal, however, because it is moot in light of our disposition of the appeal in their favor.

## CONCLUSION

Because we conclude that the bankruptcy court's findings are not clearly erroneous, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.

5