**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-20219

Summary Calendar

In The Matter Of: COBRANS CORPORATION

Debtor

_____

COBRANS CORPORATION,

Appellee,

VERSUS

CAPT. KIRK'S MARINE SERVICE INC.,

Appellant.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division
(H-99-CV-2806)

January 8, 2001

Before JOLLY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Capt. Kirk's Marine Service, Incorporated ("Capt.

Kirk's"), appeals the district court's order affirming a bankruptcy

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

court's judgment in favor of Appellee Cobrans Corporation ("Cobrans"). We affirm.

"We review the findings of the bankruptcy court just as we would findings from a trial in the district court," and "we will not overturn findings of fact unless they are clearly erroneous." In re Killough, 900 F.2d 61, 63 (5th Cir. 1990) (internal citations omitted). "A finding of fact is clearly erroneous when, although there is enough evidence to support it, the reviewing court is left with a firm and definite conviction that a mistake has been committed." In re Christopher, 28 F.3d 512, 514 (5th Cir. 1994)(citing United States v. United States Gypsum Co., 33 U.S. 364 (1948)). "Moreover, we must give due regard to the opportunity of the bankruptcy court to judge the credibility of witnesses." In re Coston, 991 F.2d 257, 262 (5th Cir. 1993); see also Federal Rule of Bankruptcy Procedure 8013.

Although we find that the bankruptcy court abused its discretion in admitting certain invoices that were inadmissible hearsay and not qualified under the business records exception, see Federal Rules of Evidence 801, 803(6), we nevertheless do not find that the bankruptcy court's findings of fact are clearly erroneous. "If the lower court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently." In

re Christopher, 28 F.3d at 514-15 (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985)). The evidence, including the letter from Capt. Kirk's dated September 15, 1997, and the business records from 1994-1996, is sufficient to support the judgment of the bankruptcy court. See Southern Pacific Trans. Co. v. Chabert, 973 F.2d 441, 448 (5th Cir. 1992).

Accordingly, we AFFIRM the judgment of the district court. AFFIRMED.