**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-50041
(Summary Calendar)
_____

IN THE MATTER OF:   SUPER VAN, INC.,

                                                    Debtor.

SUPER VAN, INC.,

                                                    Appellant,


                              versus


STATE OF TEXAS, Texas Employment Commission
and USA, Internal Revenue Service,

                                                    Appellees.


_____

Appeal from the United States District Court
For the Western District of Texas
(CA-SA-94-716)
_____

November 15, 1995

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     This is an appeal from a district court decision affirming a

bankruptcy court's holding that the debtor, Appellant Super Van,

Inc., did not qualify for the employment tax liability safeharbor

     [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

under section 530 of the Revenue Act of 1978.  The bankruptcy court's decision was based on a finding that a predecessor had treated its drivers as employees for tax purposes.  On appeal, Super Van complains that this finding is clearly erroneous because the only evidence on this point was the uncontradicted testimony of its president, Donald Rullo.  Concluding that the bankruptcy court did not commit reversible error, we affirm.

## I.

## FACTS AND PROCEEDINGS

Super Van, Inc., which operates a shuttle service business in San Antonio, Texas, filed a petition for relief under Chapter 11 of the Bankruptcy Code on November 9, 1992.  The Internal Revenue Service ("IRS") filed a proof of claim in the amount of $107,363.15[1] for unpaid federal employment taxes, asserting that Super Van's drivers were employees and not independent contractors. The Texas Employment Commission filed a similar claim in the amount of $27,808.15.

Super Van contested the IRS' claim by filing a Motion for Determination of Tax Liability under 11 U.S.C. § 505.  At trial in the bankruptcy court, Super Van advanced two reasons why it was not liable for these taxes.  First, it argued that its drivers were independent contractors, not employees.  The bankruptcy court, however, rejected this argument and concluded that its drivers were employees.  Super Van does not contest this determination on

---

[1]  The district court's opinion states this amount to be $107,271.01.  The exact amount of this claim, however, is immaterial for purposes of this decision.

appeal.

Second, Super Van argued that even if its drivers were found to be employees for tax purposes, the safeharbor provision of section 530 of the Revenue Act of 1978 exempted it from liability. The relevant portion of section 530 provides:

(a) Termination of certain employment tax liability.--

(1) In general.--If--
(A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and
(B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee, then for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis not treating such individual as an employee.

*     *     *

(3) Consistency required in the case of prior tax treatment.-- Paragraph (1) shall not apply with respect to the treatment of any individual for employment tax purposes for any period ending after December 31, 1978, if the taxpayer (or a predecessor) has treated any individual holding a substantially similar position as an employee for purposes of the employment taxes for any period beginning after December 31, 1977.[2]

The controversy in this case relates to the consistency requirement under section 530(a)(3), which provides that in order to qualify for the safeharbor the taxpayer and its predecessors must not have treated any individual holding a substantially similar position as an employee for employment tax purposes for any period beginning after December 31, 1977.

---

[2] Pub. L. No. 95-600, 92 Stat. 2763, 2885-86. Section 530 is also reproduced in the notes following 26 U.S.C. § 3401.

3

Donald Rullo, president and majority shareholder of Super Van, had operated several other ground transportation services as sole proprietorships prior to incorporating Super Van in the fall of 1988. Mr. Rullo testified at trial that neither Super Van nor his sole proprietorships had ever treated drivers as employees for tax purposes. No documentary evidence was adduced in support of this testimony; neither was any contradictory evidence introduced. The bankruptcy court, however, found that a predecessor had treated its drivers as employees for federal employment tax purposes, thereby preventing Super Van from qualifying for the section 530 safeharbor.

The bankruptcy court subsequently denied Super Van's motion for reconsideration. Super Van appealed to the district court which affirmed the decision of the bankruptcy court, holding that its findings were not clearly erroneous. The district court also denied Super Van's motion for rehearing.

Super Van now appeals to us, contending that the finding that it failed to meet the consistency requirement of the section 530 safeharbor is clearly erroneous because the only evidence on this point was uncontradicted oral testimony, which the court could not disregard.

II.

ANALYSIS

We review a bankruptcy court's factual findings under the clearly erroneous standard, and we adhere strictly to this standard

4

of review when the district court has affirmed those findings.[3]
Conclusions of law are reviewed de novo.[4]

Super Van insists that the only evidence regarding its
predecessors' employment tax treatment of drivers was Mr. Rullo's
uncontradicted testimony that no predecessor of Super Van had ever
treated drivers as employees.[5] Thus, Super Van asserts that the
bankruptcy court's finding that it did not meet the consistency
requirement of section 530 is clearly erroneous. Although it
acknowledges that determining credibility is the exclusive province
of the trial court, Super Van maintains that the court cannot
disregard the uncontradicted testimony on this matter.

We find Super Van's argument unpersuasive. It is true that
unimpeached, competent, and relevant testimony may not be
arbitrarily disregarded by the trial court. This does not mean,
however, that a court is compelled to accept uncontroverted
testimony when it doubts the credibility of the testifying
witness.[6] The cases relied on by Super Van simply do not stand for

---

[3] In re Young, 995 F.2d 547, 548 (5th Cir. 1993).

[4] Id.

[5] In its order denying a motion for rehearing, the district
court suggests that letters from Mr. Rullo to the IRS describing
the operations of Super Van and its predecessors also may have been
evidence on this point and would support the bankruptcy court's
finding. We need not consider the effect of these letters,
however, to reach our decision.

[6] Conti v. Commissioner, 39 F.3d 658, 664 (6th Cir. 1994),
cert. denied, __ U.S. __, 115 S.Ct. 1793, 131 L.E.2d 722 (1995);
accord S.E.C. v. Huffman, 996 F.2d 800, 803 (5th Cir. 1993) ("The
district court was not bound, however, to accept his
unsubstantiated, self-serving testimony as true."); Lerch v.
Commissioner, 877 F.2d 624, 631 (7th Cir. 1989) ("The Tax Court may

the proposition that a court must accept testimony that it does not believe.[7]

In this case, it is evident that the bankruptcy court doubted the creditability of Mr. Rullo. The IRS introduced several driver hiring slips submitted by Mr. Rullo to the City of San Antonio Transportation Inspector's Office on behalf of Super Van stating that the listed driver was not a contract driver. In response, Mr. Rullo testified that regardless of the information provided on these slips submitted to the city, Super Van had always treated its drivers as independent contractors for employment tax purposes. The bankruptcy court observed that the fact "that he would ignore what a document says and would do the opposite tells us a lot about Mr. Rullo." Moreover, in an order denying Super Van's motion for reconsideration, the bankruptcy court stated that "[e]ven assuming Mr. Rullo's testimony was `unequivocal, uncontradicted and unimpeached,' the court found Mr. Rullo's testimony also unbelievable." Doubting Mr. Rullo's credibility, the court was not compelled to accept his testimony.

The bankruptcy court's literal finding that a predecessor had

---

disregard uncontradicted testimony by a taxpayer where it finds that testimony lacking in credibility."); Smith v. Commissioner, 800 F.2d 930, 935 (9th Cir. 1986) ("the trial court is not compelled to accept even uncontroverted testimony when it doubts the credibility of a witness.").

[7] See Apoliskis v. Concord Life Ins. Co., 445 F.2d 31, 34 n.1 (7th Cir. 1971) ("a trial judge may not totally disregard uncontradicted and apparently creditable testimony where no basis for so doing appears in the record.")(emphasis added). The court in Apoliskis also stated that "[i]ndeed, there is no indication that the district judge questioned any witness' credibility, and he appeared to credit the testimony of all witnesses." Id. at 34.

treated its drivers as employees for tax purposes (as opposed to a finding that Super Van did not meet its burden of proof on this issue) arguably raises a concern about whether this is clearly erroneous when there appears to be no evidence in the record on this point other than Mr. Rullo's testimony. The court did not commit reversible error, however, in the wording of its finding. Super Van had the burden of proof on this issue. Disregarding the testimony that the court did not believe, the record is totally devoid of evidence about how Super Van's predecessors treated their drivers for employment tax purposes. Thus, Super Van failed to meet its burden of proof, and the bankruptcy court did not commit reversible error in making its ruling.

III.

CONCLUSION

Super Van had the burden of proving that it qualified for the section 530 safeharbor. The only evidence in support of its having met the consistency requirement was the oral testimony of its president. The court simply did not believe this testimony and thus was not required to accept it, even though the testimony was uncontradicted. With its sole evidence discredited and rejected, Super Van could not and did not meet its evidentiary obligation. Therefore, the bankruptcy court did not commit reversible error in finding that Super Van had failed to meet its burden of proving that it had satisfied the consistency requirement of section 530. AFFIRMED.

7