**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Roosevelt LAWRENCE, Debtor, J. Sam Plowden, Trustee, Respondents.**

**Bankruptcy No. 80–4385A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

May 5, 1981.

Robert T. Efurd, Jr., Atlanta, Ga., for plaintiff.

J. Sam Plowden, Atlanta, Ga., for respondent.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The above Chapter 13 case came on before this court for a hearing on the application of General Motors Acceptance Corporation (GMAC) to compel the assumption or rejection of an unexpired lease agreement and the curing of a default therein as provided by Section 365 of the Bankruptcy Code. After hearing argument of counsel for the debtor, GMAC and trustee, this court makes the following findings and Order:

GMAC is the owner and holder of a non-maintenance lease agreement dated March 6, 1979, between the debtor and Mark Singleton Buick, Inc. The subject of the lease is a 1979 Buick Riviera automobile. The lease is in default by virtue of the debtor's

failure to pay those rentals due November 1980 and thereafter. The debtor filed his Petition under Chapter 13 on December 3, 1980, although the payments to the trustee under the plan did not commence until January, 1981.

Section 365 of the Bankruptcy Code (11 U.S.C. § 365) provides that the default in any lease assumed by the debtor must be cured by the trustee "promptly." Neither the Bankruptcy Code nor the legislative reports, indicate any definition of the term "promptly" as used in Section 365(b)(1)(A). While Section 365(b)(1)(A) refers to the cure by the trustee, it is really the responsibility of the debtor in a Chapter 13 case to furnish the funds to the trustee through the 13 Plan to cure such default. The period of time that is considered "promptly" may vary in accordance with the circumstances on a case by case basis, as the term "within a reasonable time" used in Section 1322(b)(5) is being construed by the courts. The Bankruptcy Judges of this district generally do not confirm a plan which exceeds one year to cure a deficiency in mortgage payments as allowed under Section 1322(b)(5) where the term "within a reasonable time" is used. It seems unlikely that a period in excess of one year would be considered by this court to be a prompt cure of a default under Section 365(b)(1)(A). More likely, the term "promptly" demands a more immediate payment than "a reasonable time".

To comply with the provisions of Section 365, GMAC shall file a separate claim immediately for the November and December payments totaling $554.10. The trustee has some excess funds from its monthly receipts from the debtor from which the curing of the default of $554.10 may be paid. The debtor has reached his financial capacity in this plan, which renders it infeasible for him to make any additional payments to the trustee to fund the plan. Hence, the trustee is directed to pay this claim as soon as possible by paying to GMAC all funds remaining after payment of administrative expenses, monthly attorney's fee and payment on GMAC's main claim. It is antici-

pated that this will be about $55.00 per month and that the default will thereby be cured within 10 months which is agreeable to the objecting creditor.