In re Kenneth Edward **DAUGHERTY**, Debtor (Three Cases).

Bernard **BAJARDI**, Movant,

v.

Kenneth Edward **DAUGHERTY** and John V. LaBarge, Jr., Trustee, Respondents.

**GENERAL MOTORS ACCEPTANCE CORPORATION**, a Corporation, Movant,

v.

Kenneth Edward **DAUGHERTY** and John V. LaBarge, Jr., Trustee, Respondents.

Bankruptcy No. 88–04244–BKC–J13. Motion Nos. 01, 02.

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 4, 1989.

John V. LaBarge, Jr., Kirkwood, Mo., Trustee.

Brock M. Weidner, St. Ann, Mo., for debtor.

Kenneth Edward Daugherty, Hazelwood, Mo., Debtor.

Joel D. Brett, St. Charles, Mo., for Bernard Bajardi.

James E. Hawk, Jr., Clayton, Mo., for GMAC.

FINDINGS AND CONCLUSIONS AND ORDERS

JAMES J. BARTA, Chief Judge.

At Saint Louis, in this District, this 4th day of August, 1989.

The Debtor has filed a motion to approve his revised Chapter 13 Plan, which requests assumption of a Car Lease Agreement with Bernard Bajardi. Upon consideration of the record as a whole, including the announcements and arguments of counsel

presented on April 12, 1989, the Court announced its Findings and Conclusions and Orders from the bench.

On May 12, 1988, the Debtor executed a Motor Vehicle Sublet Agreement, agreeing to pay Bernard Bajardi $375.00 a month for 47 months. Attached to the Sublet Agreement are documents captioned "Memorandum of Disclosure", "Option Agreement" and "Sales Agreement". The 1987 motor vehicle which is the subject of this proceeding is titled to Mr. Bajardi with a perfected lien running to GMAC. GMAC is not a creditor of the Debtor, and is not otherwise provided for in the confirmed Chapter 13 Plan. By separate motions, GMAC and Mr. Bajardi have filed requests for relief from the automatic stay which were heard concurrently with the Debtor's motion to approve the revisions to his Chapter 13 Plan.

The unrefuted representations at this hearing indicate that the Debtor had missed one payment to Mr. Bajardi prior to the commencement of this case (December 6, 1988), and has made no payments since that time. The Debtor represented that all payments to the Chapter 13 Trustee under the confirmed plan have been made through the date of these hearings. Counsel for GMAC announced that at least two payments have not been made by Mr. Bajardi under the note which is secured by the lien on the motor vehicle.

The Debtor has proposed that he be allowed to assume the Sublet Agreement with Mr. Bajardi by directing the Chapter 13 Trustee to pay an amount necessary to bring the lease payments current. Thereafter, the least payments would be paid by the Trustee as they become due. Counsel for Mr. Bajardi indicated that if the Debtor's revised plan is approved and the lease is assumed as requested, the motion for relief from the stay would be withdrawn.

Counsel for GMAC has alleged that Mr. Bajardi's Sublet Agreement with the Debtor was made without authorization and in contradiction of the terms of the note and security agreement. According to the terms of a document executed by Mr. Bajardi on June 12, 1987, he agreed that the vehicle was not to be sold, rented or leased without the written permission of GMAC. GMAC contends that it was not aware of the Sublet Agreement with the Debtor until it attempted to enforce its security interest after non-payment by Mr. Bajardi.

After a review of the GMAC documents, the Court has concluded that Bernard Bajardi did not have authorization to lease this vehicle to the Debtor on May 12, 1988, when the Sublet Agreement was signed, and did not have such authorization on December 6, 1988, when this Chapter 13 case was commenced. However, at the commencement of this case, the Sublet Agreement between the Debtor and Bernard Bajardi was an unexpired lease of personal property which was subject to assumption or rejection by the Debtor (or Trustee) pursuant to Sections 365 and 1322(b)(7). The conclusion that Mr. Bajardi may be barred by applicable nonbankruptcy law from performing under the unexpired lease for want of authorization of the lienholder, does not of itself void the lease with the Debtor. The Debtor may request a Court order assuming the unexpired lease, and if granted, pursue the nondebtor contracting party for relief under the terms of the agreement.

Assumption of an unexpired lease requires an assurance that the Debtor or the Trustee will promptly cure the default associated with the lease. See, 11 U.S.C. § 365(b)(1)(A). In the present case, the Debtor's proposed plan would cure the default by means of the Chapter 13 Trustee's distributions to Mr. Bajardi *concurrently* with distributions upon secured claims held by three other creditors. The default to Mr. Bajardi, therefore, would not be cured until after more than one year after commencement of the case. The Court has concluded that this provision of the proposed plan does not promptly cure the default as required by Section 365(b)(1)(A). The Debtor's plan is not otherwise capable of being confirmed.

IT IS ORDERED that the Debtor's request to confirm a 1st Revised Plan, filed on March 17, 1989, is denied.

IT IS FURTHER ORDERED that cause having been shown, to the extent that the automatic stay operates to protect the Debtor's interests in this motor vehicle by virtue of his possession of said vehicle, and by virtue of the unexpired lease discussed in this Order, said stay is terminated as to Bernard Bajardi as owner of the vehicle and as to GMAC as the holder of a lien upon the vehicle.