In the Matter of Richard L. MAYHALL and Patty L. Mayhall, Debtors.

Richard L. MAYHALL and Patty L. Mayhall, Plaintiffs,

v.

FORD MOTOR CREDIT COMPANY, Defendant.

Bankruptcy No. 96–82364.
Adversary No. 96–80232.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Sept. 10, 1996.

242

John Larsen, Bond, Botes, Sykstus, and Larsen, Huntsville, AL, for Plaintiffs/Debtors.

Pat Nelson, Burr & Foreman, Huntsville, AL, for Defendant.

### ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the debtors, Richard and Patty Mayhall (hereinafter the "debtors"), seeking the turnover of one 1996 Ford Explorer vehicle pursuant to 11 U.S.C. § 542. The hearing in this matter was held on the 13th day of August, 1996.

The issue before the Court is whether the bankruptcy estate has any interest in leased property repossessed pre-petition. After consideration of the pleadings, arguments of counsel, and documents submitted in support thereof, the Court finds that the subject lease agreement expired upon Ford Motor Credit's repossession of debtors' vehicle according to the terms of the lease.

Ford Motor Credit repossessed the subject vehicle on July 25, 1996. At the time of the repossession, the debtors were two months behind on their car payments. On July 26, 1996, one day after the repossession, the debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (hereinafter the "Bankruptcy Code"). The debtors propose to pay for the lease arrearage through their Chapter 13 plan of reorganization, to assume the lease, and pay for the subject vehicle outside the plan.

The debtors argue that they have a viable interest in the vehicle under 11 U.S.C. § 1322(b)(3) pursuant to which the debtors can provide for the curing of any default in their Chapter 13 plan. In support of their argument, debtors cite the case of *General Motors Acceptance Corp. v. Lawrence (In re Lawrence)*, 11 B.R. 44 (Bankr.N.D.Ga.1981), wherein the bankruptcy court allowed the debtor to pay two months pre-petition arrearage through his Chapter 13 plan upon the debtors assumption of the car lease. The case was before the bankruptcy court on the creditor's motion to compel the assumption

or rejection of an unexpired lease agreement. *Id.* Similarly, this Court previously held that obligations to cure pre-petition arrearage on an unexpired car lease should generally be cured immediately upon assumption of the lease except in certain exceptional cases in which the Court will allow the debtor to satisfy his obligation to cure the pre-petition default by including and paying said arrearage in his plan as an administrative expense. *See In the Matter of Eldred Jones,* BK 95–82700, Doc. # 17.

In the present case, however, the debtors' lease terminated according to the terms of the lease agreement prior to the petition date. The lease agreement provided as follows:

16. TERMINATION This Lease will terminate (end) upon (a) the end of the term of this Lease, (b) the return of the Vehicle to Lessor, and (c) the payment by You of all amounts owed under this Lease. Ford Credit may cancel the Lease if You default.

\* \* \* \* \* \*

21. DEFAULT You will be in default if (a) You fail to make any payment when due ...

\* \* \* \* \* \*

If You are in default, Ford Credit may cancel this Lease, take back the Vehicle and sell it at a public or private sale. You also give Ford Credit the right to go on Your property to peacefully retake the Vehicle.

It is undisputed that the debtors were in default in accordance with paragraph twenty-one (21) of the lease agreement pursuant to which Ford was entitled to repossess the vehicle. Upon Ford's lawful repossession of the vehicle, the lease terminated pursuant to paragraph sixteen (16) of the lease agreement. Accordingly, the debtors no longer have an interest in the vehicle, and the lease cannot be assumed because it is not property of the bankruptcy estate. *See Estep v. Fifth Third Bank of N.W. Ohio (In re Estep),* 173 B.R. 126 (Bankr.N.D.Ohio 1994) (holding that

debtor could not assume a car lease that creditor effectively terminated pre-petition).

Based upon the foregoing, the Court finds, and it is ORDERED, ADJUDGED, AND DECREED that judgment on the complaint is entered in favor of the defendant, Ford Motor Credit Company, and against the debtors, Richard and Patty Mayhall.