In re Craig REED, Angela Reed, Debtors.

Bankruptcy No. 98–30348(1).

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Sept. 29, 1998.

Steven A. Snow, Louisville, KY, for debtor.

Thomas L. Canary, Jr., Louisville, KY, for creditor.

William W. Lawrence, Louisville, KY, trustee.

## MEMORANDUM OPINION

HENRY H. DICKINSON, Chief Judge.

With the popularity of auto leases in the past decade it is strange to note that there is very little published caselaw concerning how they should be treated in Chapter 13 plans. Therefore it is with a near clean slate that this Court shall address the issue of what constitutes a "prompt cure" of an automobile lease.

### Factual Background

On January 23, 1998 the debtors, Angela and Craig Reed, filed their Chapter 13 bankruptcy. At the time of the bankruptcy filing the debtors were several months behind on their lease payments to Toyota Motor Credit Corporation ("TMCC"), the entity that leases a 1997 Toyota Celica to the debtors. Under the terms of the debtors' Chapter 13 plan, the debtors had 18 months to cure the lease arrearage. TMCC moved to reconsider our confirmation of this plan and the matter is now before the Court for decision.

### Legal Analysis

11 U.S.C.A.§ 365(b)(1) provides:

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default:

(B) compensates, or provides adequate assurance that the trustee will promptly

compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

Here, the only question is whether the 18 month period of repaying the lease arrearage provided by the plan constitutes a prompt cure.

Only a few Courts have ever addressed the question of what constitutes a "prompt cure" in the context of an auto lease in a Chapter 13 proceeding. In *General Motors Acceptance Corp. v. Lawrence,* 11 B.R. 44 (Bkrtcy. N.D.Ga.1981) the Court using a case by case analysis, held that 10 months constituted a prompt cure of arrearage under an auto lease for purposes of Section 365(b)(1). However, the cases of *In re Allison,* 1995 WL 930889 (Bkrtcy.E.D.Va.1995) and *In re Daugherty,* 102 B.R. 167 (Bkrtcy.E.D.Mo. 1989) both rejected proposed cure periods of more than 12 months also using a case by case method, failing to comply with the provisions of 11 U.S.C.A. § 365(b)(1).

Initially, the debtor argues that the cure period of approximately 18 months is reasonable under the circumstances. While not arguing that this Court's general practice of allowing Chapter 13 debtors up to 24 months to cure mortgage arrearage is controlling in this case, the debtors do argue that the Court's rationale behind this practice should dictate that this proposed cure period is reasonable. We find this argument to be unpersuasive.

Here, this Court agrees with the various Courts, and learned treatises which have held that the prompt cure provisions of 11 U.S.C.A. § 365(b)(1) requires a "cure" to be effectuated in a far shorter period of time than that contemplated by the provisions of 11 U.S.C.A. § 1322(b)(5) which governs cures of arrearage on long term debt *See generally Matter of DiCamillo,* 206 B.R. 64 (Bkrtcy. D.N.J.1997); Lundin, *Chapter 13 Bankruptcy,* 4–91 (1997). We therefore reject the debtors' argument that this Court's practice of allowing debtors up to 24 months to cure

long term debt arrearage would permit the 18 month cure proposed in the debtors' plan.

■ After considering the scant precedent on this issue, we hold that, unless the parties otherwise agree, this Court will have to determine, on a case by case basis, what constitutes a prompt cure for purposes of 11 U.S.C.A. § 365(b)(1). In cases such as these a Court should consider:

1. the nature of the leased property;

2. the provisions of the lease;

3. the amount of the arrearage under the lease;

4. the remaining term of the lease; and

5. the provisions of the debtors proposed plan.

in determining whether any proposed cure is prompt. While this is a cumbersome and time consuming process, we believe it is required by the indefinite nature of what constitutes a prompt cure under 11 U.S.C.A. § 365(b)(1). However, in cases involving consumer auto leases, this Court concurs with the decision of the Bankruptcy Court in *In re Morgan,* 181 B.R. 579 (Bkrtcy.N.D.Ala. 1994) where the Court held that absent evidence to the contrary, six months in consumer cases would be considered the maximum permissible period of time in which to cure a lease arrearage under 11 U.S.C.A. § 365(b)(1). *Id.* at 587–588. We believe that the *Morgan* decision sets forth a reasonable baseline that bankruptcy attorneys can use in writing cure provisions in their Chapter 13 plans.

■ In the present case, we hold that the debtors' plan can and should be amended to provide for a cure of the arrearage on the 1997 Celica to be completed within six months from the date of the entry of this Memorandum and accompanying Order. After reviewing the record before the Court, this Court believes that 6 months is the maximum time in which the debtors should cure the arrearage under this auto lease. The Court has given the debtors this fairly lengthy period to cure this arrearage due to the fact that they had no previous authority to use as guidance in formulating a cure of this lease arrearage.

THIS IS A FINAL AND APPEALABLE ORDER.